## Beach *against* Baldwin.

### IN ERROR.

In an action on a promissory note, payable to *A.*, as executor of *N.*, *A.* declared as executor, and in that capacity, demanded damages. *B.*, the defendant, pleaded in abatement, before the county court, that there were certain co-executors with *A.*, who ought to have joined in the suit ; but before this plea was tried, *A.*, on motion, was permitted to amend his writ and declaration, so as to make the action one in his own right, and not as executor. On a writ of error, that judgment was reversed, and the action, as originally brought, was entered for trial in the superior court. *B.* then pleaded in abatement, that *N.*, by his last will, appointed *C. D.* and *E.* with *A.*, his executors, who accepted the trust and proved the will, in 1812, and are still living. *A.* claimed, that he was not bound to accept or answer this plea, on account of the antecedent proceedings, which, as they did not appear on the record, he proposed to show, by parol evidence. Held, 1. that parol evidence was inadmissible to show the plea and amendment in the county court ; and consequently, the plea in the superior court was properly entered ; but 2. that such plea was fatally defective, because it did not shew where the plaintiff's executors resided, and because it did not shew that the persons alleged to be executors, were such at the commencement of the suit.

The presumption that a man once an executor continues such, is not available in support of a plea in abatement.

This was an action brought by *Theron Beach* against *Birdsey Baldwin,* in which the plaintiff declared as executor of the

last will of *Birdsey Norton*, deceased, upon a promissory note, dated the 25th of *April* 1816, payable to him as executor, and in that capacity demanding damages.

In the county court, the defendant pleaded in abatement, that there were certain co-executors with the plaintiff, who should have joined in the suit; on which issue was joined; but before any trial of this issue, the plaintiff moved to amend his writ and declaration, so that the action should be in the name of the plaintiff, in his own right, and not as executor. The court allowed the amendment, which was made; and thus the plea in abatement was superseded; and the plaintiff obtained final judgment.    On a writ of error brought by the defendant, assigning for error that the court permitted such amendment to be made, that judgment was reversed, and the action was entered anew in the superior court, upon the original writ and declaration, as they were before the plea in abatement was filed.    The defendant then offered the following plea in abatement: " That the said *Birdsey Norton*, in and by his last will, duly made and published, appointed *Erastus Lyman, Frederick A. Norton, William Stanley* and *Elisha Beach* with *Theron Beach*, the plaintiff, executors of his last will, all of whom duly accepted the trust, and duly proved said will, on the       day of       1812, before the court of probate; all which executors are still living, and are not joined or named with the plaintiff in said suit."    This plea, the plaintiff claimed, he was not bound to accept or answer, by reason of the antecedent proceedings.    The defendant claimed, that such proceedings could not be legally proved, otherwise than by the record of the county court, which it was agreed, was silent on the subject; and if they were legally proved, still the plaintiff was bound to accept and make answer to the plea in abatement thus offered in the superior court.    The evidence was admitted, and the plaintiff was required to receive and answer the plea; and this being done, the suit was abated.

These proceedings being put upon the record, by a bill of exceptions, the plaintiff, by motion in error, brought the case before this court for revision.

*L. Church* and *Brewster*, for the plaintiff in error, contended, 1. That although the defendant may, after amendment,

*Litchfield,*
June, 1833.

Beach
*v.*
Baldwin.

HARVARD LAW LIBRARY

Litchfield,
June, 1833.

Beach
v.
Baldwin.

again plead in abatement, yet he may not plead any matters that might have been, but were not, pleaded before amendment. *Mills* v. *Bishop* & al. *Kirb.* 5. 6. On reversal, the parties must commence at the point where the error intervened.

2. That parol proof was admissible to shew the abandonment of the first plea in abatement.

3. That the defendant's plea is bad, and consequently, the replication, if defective in itself, is good enough for the plea. In the first place, the parties to be joined are not sufficiently described. *Wadsworth* v. *Woodford*, 1 *Day* 28. Secondly, there is no averment, that the probate of the will, by which these men were appointed executors, is still in force. *Bell* v. *Bolton*, 1 *Lutw.* 450. Thirdly, it does not appear, that there was a testamentary disposition of property by *Birdsey Norton*, executed as prescribed by the statute ; without which the persons named as executors would have no authority to intefere in the settlement of the estate. Fourthly, it does not appear, that if these men were duly appointed executors, with authority to act as such, they have not since been removed or resigned their trust. It must be shewn, that they were executors at the time the action was brought.

*P. Miner* and *O. S. Seymour*, for the defendant in error.

WILLIAMS, J. The principal question below, as we are informed, was, whether this plaintiff was bound to receive and answer the plea in abatement. When this cause came into the superior court, after the decision of the county court was reversed, the party who had been compelled to carry it there, by the mistake of the court below, could not be deprived of any right he would have had, if that erroneous judgment had not existed. This defendant, before the amendment, had a right to plead in abatement. That right was made useless to him, by the allowance of an amendment ; which amendment was not legally permitted. Certain it is, that this defendant should not be necessarily prejudiced, by this error of the court.

The plaintiff, however, says he had already filed his plea of abatement ; and as the declaration is restored to its first state, so must be also the pleadings to it. But how is this court to

know, that there were pleadings below? The record and file shew no such thing.

But the plaintiff claims to prove it, by parol. No authority is produced to support this claim;—and it seems to me contrary to analogous cases.

It is well settled, that bail can only prove a surrender of the principal, by the record. *Fitch* v. *Hall, Kirby* 18. *Gallup* v. *Denison, Kirby* 430. 434. So when the pendency of another action is pleaded, a profert of the record is made. 1 *Went. Plead.* 8. 64. 3 *Ld. Raym.* 55. This would be altogether unnecessary, if parol evidence of that fact could be admitted. Indeed, I believe that will not be contended. I know no reasons for requiring record proof in those cases, which are not equally applicable to this. Why is it, that bills of exceptions are required, as to the admission and rejection of evidence in the inferior courts, except that the superior court cannot go into parol evidence, as to what has been transacted there? And if they can enquire and have an issue joined, as to what was the state of the pleadings there, how long before we may also be called upon to ascertain, by parol, what was the evidence produced? A practice of this sort would be as novel as dangerous; and in the absence of all authority, it cannot be adopted.

Without, therefore, examining whether the plea claimed to be given in the county court, and that before us, are substantially the same; or, if they are not, whether this could be received; I think, there is no legal proof of the existence of such a plea in the court below; and so this plea was properly received.

It is, however, now strenuously contended, that the plea is insufficient, for a variety of reasons; one or two of which only it is necessary to notice.

In the first place, it is said that the plea does not state *where* the co-executors reside; nor that they are *now* executors.

It is a well settled principle, that pleas of this character require not only the utmost precision and technical accuracy, but that in general, they must anticipate and exclude what, according to the rule that governs other pleadings, it would be incumbent on the other party to reply to. 2 *Conn. Rep.* 381. per *Gould,* J. The pleader must also, by his plea, give

Litchfield,
June, 1823.

Beach
v.
Baldwin.

such information as will enable the plaintiff to make a better writ. 1 *Chitt. Plead.* 441. And in *Wadsworth* v. *Woodruff,* 1 *Day* 28. where there was an action of trespass, and a plea in abatement, that the other proprietors should have been joined, *viz. G. G.* and his assigns, and the heirs of *R. G.,* this court say, that if this plea be good, it allows the defendant to shew a bad writ, and exonerates him from the obligation to give the plaintiff a better, unless he may in his next writ describe his co-plaintiffs in the same manner in which they are described in this plea. I see not why that decision is not conclusive in this case, unless the defendant can show, that the plaintiff need not point out where his co-plaintiffs reside.— Such, however, has always been our practice; and as the jurisdiction of our courts in transitory actions depends upon the place of residence of the parties, such a practice is not only proper but necessary, and, in ordinary cases, cannot be departed from. The principle, therefore, of the common law requires, in this state, that these facts be shown in the plea; however the forms may be; unless indeed, this is one of those cases, where the fact disclosed is of that kind which must necessarily be known to the plaintiff, as the place of his own residence. When we look at this plea, and find that the will was proved in 1812, certainly there can arise no presumption that the plaintiff knew where these executors now reside.

Another objection equally fatal, is, that it does not show that these persons are *now* executors.

It is claimed, that no such allegation is made in our best forms; and it may not be necessary in *Great-Britain*; for there the doctrine seems to be, *once executor, always executor.* They seem to consider him as an officer appointed by the testator, whom they have no power to remove or controul. And it has been said, by judges of great authority, where the executor had absconded, that since the testator had adjudged him a proper person to be intrusted with his affairs, the ordinary cannot adjudge him otherwise, upon a disability by the canon law. *Rex* v. *Raynes,* 1 *Salk.* 299. 3 *Salk.* 162. *Holt* 310.

It has also been held, where an executor had refused to act, after taking the oath, and administration was about to be granted, that still the executor, after taking the oath, could not be admitted to refuse. 1 *Vent.* 335.

And although this seems to be doubted in the ecclesiastical courts, yet they hold, that if the executor has intermeddled with the effects, he has taken upon himself the burthen and assumed the responsibility of an executor. 3 *Phil.* 577. And it has even been holden, that if an executor renounced, and an administrator was appointed and died, after his death the executor might act as such, if he pleased. *Plowd. Com.* 280. And so immovable is an executor, that money has been given to prevail upon one that is an improper person to relinquish the trust. *Hill* v. *Mills* & al. *Comb.* 185. S. C. 1 *Show.* 293. But by our law, the judge of probate is impowered to remove an unsuitable person : and if the rules above mentioned are correct, this court will no more presume, to support a plea in abatement, that an executor remains executor, than that he continues to live, because he was once alive. The strictness required in pleas of this kind, allows no such presumption. *Roberts* v. *Moon,* 5 *Term Rep.* 487. And in this case, when we look into these pleadings, and see that the estate has been in a course of settlement for more than twenty years, I think, if we were permitted to indulge in presumptions, we should presume, after this lapse of time, that they had been removed, rather than that they remained executors. But nothing is to be presumed to support a plea of this character. I am, therefore, of opinion, that the plea is insufficient ; and that the judgment must be reversed.

The other Judges were of the same opinion, except CHURCH, J., who had been of counsel in the cause, and therefore, gave no opinion.

Judgment reversed.