*Hartford,*
June, 1842.

Roberts
*v.*
Ripley.

---

## ATWOOD and others *against* THE PROTECTION INSURANCE COMPANY.

The statute of 1828 in addition to the act against fraudulent conveyances, is confined in its operation to property actually or impliedly located within this state.

A debt due from a citizen or corporation in this state, to a citizen of another state, is not of a local character.

There is an essential difference, as to local character, between the stock of certain corporations and debts due from such corporations.

Therefore, where a debt due from an incorporated insurance company in this state to *A*, a citizen of *Ohio*, was, with other property, assigned in *Ohio*, by *A*, in failing circumstances, with a view to his insolvency, to *B*, a citizen of *Ohio*, in trust for the creditors of *A*, but the assignment was not lodged for record in the office of any court of probate in this state ; it was held, that

Hartford,
June, 1842.

Atwood
*v.*
The Protection
Insurance Com
pany.

such assignment, being valid by the laws of *Ohio*, was valid also here, against the subsequent attachment of *C*, residing in *Pennsylvania*.

THIS was a writ of *scire-facias* in a process of foreign attachment, in favour of *Moses Atwood & Co.*, inhabitants of *Pittsburg*, in the state of *Pennsylvania*. The original suit was brought by them, in this state, against *Butler* and *Gore* of *Springfield, Ohio*, alleged to be absent and absconding debtors of the defendants, with whom copies were left.

The cause was tried at *Hartford, January* term, 1842, before *Williams*, Ch. J.

*Butler* and *Gore*, being in failing circumstances, had, with a view to their insolvency, before the commencement of the original suit, by an assignment, executed in the state of *Ohio*, transferred, in trust for the benefit of all their creditors, a debt due to them by the defendants, to *E. W. Butler*, a citizen of *New-York*, and *William A. Rogers* and *Peter O. Sprigman*, citizens of *Ohio ;* of which the defendants, whose office is located in *Hartford* in this state, had due notice ; but the assignees omitted to lodge said assignment for record, in the office of the court of probate for the district of *Hartford*, or of any other court of probate in this state. The assignment was valid according to the laws of the state of *Ohio*, within which it was executed and the assignors resided ; and it was admitted, by the plaintiffs, that it was valid also, according to the laws of this state, unless the statute " in addition to an act against fraudulent conveyances," passed in 1828, required it to be lodged for record in the office of some court of probate in this state. But the plaintiffs claimed, that the assignment, under the statute referred to, was void. The defendants claimed, that the statute was not applicable to a case like this.

The court, on the authority of the case of *The Richmond-ville Manufacturing Company* v. *Prall* & al. 9 *Conn. Rep.* 487. decided, that the assignment was void, and rendered judgment for the plaintiffs accordingly. The defendants thereupon moved for a new trial.

*Hungerford* and *Parsons*, in support of the motion, contended, That the assignment in question being voluntary, in contradistinction to a conveyance *in invitum* by operation of

law, and being valid by the law of the place where it was made and the assignor was domiciled, it will be regarded as valid here. This, as a general rule, is established beyond controversy. *Sto. Conf. L.* 346. *s.* 411. *Blake* v. *Williams,* 6 *Pick.* 286. 307. *Holmes* v. *Remsen,* 4 *Johns. Ch. Rep.* 460. 487. *Saunders* v. *Williams,* 5 *N. Hamp. Rep.* 213. 214. 2 *Kent's Com.* 454. (2d ed.) *The Watchman, Ware's Rep.* 238, 9.

<div style="float:right">*Hartford, June, 1842.*

Atwood
*v.*
The Protection Insurance Company.</div>

To this general rule there are certain exceptions. First, when the legislature here, by positive enactment, repeal or change the law of comity or common law previously established. *Holmes* v. *Remsen,* 4 *Johns. Ch. Rep.* 471. *Milne* v. *Moreton,* 6 *Binn.* 353. 361. Secondly, when the property, from its nature, has a *locality. Robinson* v. *Bland,* 2 *Burr.* 1079. *Sto. Conf. L.* 315. *s.* 383. *Humble* v. *Mitchell,* 11 *Adol. & Ellis* 205. The case of *The Richmondville Manufacturing Company* v. *Prall,* comes within this exception ; the *stock* of that company being of a *local* nature. Thirdly, when to give the conveyance effect according to the foreign law, would prejudice the citizens of this state. This exception embraces such cases as *The Falls River Iron Works Company* v. *Croade,* 15 *Pick.* 11. *Ingraham* v. *Geyer,* 13 *Mass. Rep.* 146. *Fox* v. *Adams,* 5 *Greenl.* 245. and others.

That the case is not within the first exception, is apparent ; the statute of 1828 being inapplicable to this conveyance. The assignor does not reside within any probate district in this state. If it were necessary to lodge the assignment for record in any probate district in this state, it must be lodged in every district in which the assignor has debts ; and the judge in each district must proceed independently of any other. Distinct sets of appraisers and commissioners must be appointed ; distinct accounts settled ; distinct bills of fees, appeals, &c. Such a construction of the statute would produce infinite embarrassment, and preclude all mercantile operations. You could not safely sell a parcel of goods, or transfer a note, without first ascertaining the law of the state where such property might happen to be. 5 *Kent's Com.* 454. (2d ed.)

This case does not fall within the second exception, because a *debt* has clearly no *situs* or *locality.*

Nor is it within the third exception, because the plaintiff is

*Hartford,*
*June, 1842.*

Atwood
*v.*
The Protection
Insurance Com.
pany.

not an inhabitant of this state, but of *Pennsylvania.* *Whipple* v *Thayer,* 16 *Pick.* 25.

*T. C. Perkins,* contra, contended, 1. That the assignment was not conformable to the statute of 1828, and, if governed by that statute, was "fraudulent and utterly void." It was an assignment of a "chose in action," made by persons "in failing circumstances, with a view to their insolvency," to persons "in trust for their creditors," and was *not* "lodged for record in the office of any court of probate" in this state. Consequently, it is incumbent upon those who claim under such assignment, to shew good reason for taking it out of the operation of the statute.

2. That the laws of other states have no operation here, except by *comity ;* and that comity cannot prevail against a positive statute of this state. *Sto. Conf. L. s.* 18. 19. 30. 38. Being derived altogether from the implied assent of this state, it is inadmissible when it is contrary to its declared will.

3. That the debt sought to be recovered in this case, is subject to the laws of this state, by reason of its *locality.* It has a *situs.* The debtor is a corporation created by authority of this state ; it derives not only its existence, but its power of contracting a debt, from that authority ; it is located here for the purpose of exercising its powers thus conferred ; and the debt in question was in fact contracted here.

4. That there is no reason whatever why *Ohio* law should govern this case in preference to our own law.

5. That this assignment is tainted with all the infirmities of that in *The Richmondville Manufacturing Company* v. *Prall.* That case must, of course, controul the decision of this. Nor is that case a solitary illustration of the principle embraced in it. *Fox* v. *Adams* & al. 5 *Greenl.* 245. *Saunders* v. *Williams,* 5 *N. Hamp.* 214. *The Falls River Iron Company* v. *Croade,* 15 *Pick.* 11. Case of *The Watchman, Ware's Rep.* 238, 9. *Holmes* & al. v. *Remsen* & al. 4 *Johns. Ch. Rep.* 460. 471.

STORRS, J. This assignment is found to be valid according to the laws of the state of *Ohio,* within which it was executed, and the assignees resided ; and it is concluded by the plaintiffs, that it is valid, also, according to the laws of this

state, unless the "*Act* (of 1828) *in addition to an Act against Fraudulent Conveyances*," requires it to be lodged for record in the office of some court of probate in this state. But they insist, that that act does require it to be lodged for record; that there is, therefore, a conflict between the laws of *Ohio* and of this state, as to the mode of transferring said debts; and that, in such case, the law of this state ought to prevail. That it is competent for the legislature of this state to prescribe a particular mode in which debts due by our citizens, whether to the citizens of other states or of our own, shall be transferred, which would be observed, at least by our own courts, so that no other mode would be deemed effectual for that purpose, admits of no question. It is undoubtedly true, as has been often stated, that what the state protects, it has a right to regulate; and if the positive laws of a state prohibit particular contracts from having effect according to the rules of the state where they are made, the former must prevail. *In tali conflictu magis est, ut jus nostrum, quam jus alienum, servemus.* 2 *Kent's Com.* lect. 39. *p.* 461. *Saul* v. *His Creditors*, 17 *Martin's Rep.* 586. 3 *Burge's Com. on Col. and For. Law*, 778, 9. (*a*) It was in accordance with this principle, that it was held in *New-Jersey*, in *Varnum* v. *Camp*, 1 *Green's Rep.* 32., that an assignment of personal property, by an insolvent debtor, made at *New-York*, in trust to pay creditors, and giving preferences, although good in *New-York*, was void as to personal property in *New-Jersey*, on the ground that the law of the latter state prohibits preferences in that case. And, in *The Richmondville Manufacturing Company* v. *Prall*, 9 *Conn. Rep.* 487., it was held, that an assignment, with a view to insolvency, of the share of a manufacturing corporation, incorporated by the legislature of, and situated within, this state, (which was deemed to be personal property having a location here,) executed in *New-York*, for the benefit of creditors, although valid by the laws of *New-York*, was void, on the ground that it was not lodged for record in the office of the court of probate for the district in which the property was situated, as required by the act under which it is claimed, in the present case, that the assign-

*Hartford, June, 1842.*

*Atwood v. The Protection Insurance Company.*

(*a*) Commentaries on Colonial and Foreign Law generally, in their conflict with each other, and with the Laws of *England*. By *William Burge*. 4 vols. royal 8vo. Edition, *London*, 1838.

*Hartford,*
*June, 1842.*

Atwood
*v.*
The Protection
Insurance Company.

ment now in question should have been so lodged for record. The same principle universally prevails elsewhere. *Story's Confl.* §326. §327.

The enquiry then arises, whether there exists such a conflict between the law of this state and of *Ohio*, as is claimed by the plaintiffs; and this depends on the question, whether, by the true construction of the act which has been mentioned, it embraces assignments of debts due by our own citizens to those of other states.(*a*)

'Although the statute speaks generally of all conveyances and assignments of any lands, goods, chattels, or choses in action, yet, considering the character of its several provisions, and the objects it was designed to effect, it is evident, that it was not the intention of the legislature to subject to its operation any property, excepting that which may be properly said to be within this state; by which is meant, that which is corporeal, and therefore capable of location, and actually situated within the state; and also that which is incorporeal, and therefore not susceptible of actual location, but which, from its peculiar character, has a locality ascribed or attributed to it, by our laws, and is, consequently, considered and treated as being situated here. Debts due by our citizens to those of other states, do not fall within either of these descriptions. The first class would comprise real estate, and ordinary tangible, corporeal personal property, situated here; and the other, debts due to our own citizens, (which are deemed to be attached to the person of the creditor) and local stocks, or funds of an incorporeal nature, such as the stocks of banks, insurance, turnpike, canal and bridge, companies, and other corporations, including manufacturing establishments, which are created and regulated by our laws, and therefore located, and having an existence only, within this state, and the stock of which is declared to be personal estate, subjected to our ordinary process of attachment and execution, and made capable of being disposed of like other personal estate. *Stat.* 44. 65. 89. (*ed.* 1838.)  13 *Peters' Rep.* 521.  14 *Conn. Rep.* 301.  This is the only rational construction of the language of

(*a*) The first section of the act on which the question arises in this case, is recited in the case of *The Richmondville Company* v. *Prall* & al. 9 *Conn. Rep.* 487.

the statute, and fully meets all the evils which it was designed to remedy. Its object was to put an end to those partial assignments, by insolvent debtors, of their property, for the benefit of a few favourite creditors, and oftentimes the most undeserving, at the expense of the rest, which were then extensively in vogue, and to effect an equal distribution of it among all their creditors; and to promote further the interests of those creditors, by accomplishing this purpose, in an expeditious, safe and cheap manner, and thus obviating the proverbial delay, insecurity and suspense, with which the execution of trusts, under the prevailing assignments, had been attended. It was intended to give to creditors the ordinary remedies provided by law for the collection of debts against property, which should not be transferred in pursuance of the provisions of that act; and to prevent it from being, as it had previously been, so embarrassed and locked up in the hands of assignees, as to be virtually beyond the reach of the creditors generally, by means of ordinary legal process. Since these considerations are applicable only to those descriptions of property above-mentioned as being embraced by the act, it is manifest that it could not be intended to apply to any other. The whole frame of the act, also, shews that it would be exceedingly inconvenient, if not impracticable, to carry it into effect as to property neither actually, nor impliedly, located in this state, and not within the scope of its ordinary jurisdiction. The system prescribed by the act for the execution of the trusts therein mentioned, as applicable to such property, is intelligible, and well calculated to accomplish the objects which have been mentioned; but it may well be doubted whether, to apply it to any other, would not be productive of great injustice, as it certainly would be of great inconvenience.

The counsel for the plaintiffs do not, indeed, controvert these general views, nor claim, in terms, that the provisions of the act in question apply to any property, excepting such as is either actually or constructively located in this state; but they insist, that the debt in question comes within the latter description. In order to sustain this claim, it is necessary to shew, that all debts due by our citizens to those abroad are of this character, or that there is something pe-

*Hartford,*
June, 1842.

Atwood
*v.*
The Protection
Insurance Company.

*Hartford,*
*June, 1842.*

*Atwood*
*v.*
The Protection
Insurance Com-
pany.

culiar as to the debt in question, by which it is distinguished in this respect from ordinary debts.

As to debts generally, there is no colour for the idea that they are impliedly located in the state where the debtor resides. On the contrary, they are now universally treated as having no *situs* or locality, (which is in precise accordance with their nature, they being incorporeal, and therefore not susceptible of local position,) and are deemed, in contemplation of law, to be attached to, and to follow, the person of the creditor. This is the well established doctrine, both of the civil and common law. *Story's Confl.* §362. §399. *Livermore's Dissert.* 162. 16 *Pick.* 340. A debt belongs to that species of personal property, termed *choses in action,* which are described by *Blackstone,* to be, where one hath not the occupation of, but merely a bare *right* to occupy, something, the possession whereof may be recovered by a suit or action at law. 2 *Bla. Com.* 397. In the language of Judge *Story,* " a debt is not a *corpus,* capable of local position, but purely a *jus incorporale." Confl.* §399. In this respect, it differs essentially from the other species of personal property, which is in *possession,* and has a visible, corporeal existence and locality ; although even the latter, for purposes of voluntary alienation and succession, is generally considered as being destitute of locality, and as being governed by the law of the place of the owner's domicil. A debt, therefore, having in truth, as well as in contemplation of law, no *situs,* and not being susceptible of actual position or locality, ought not to have an artificial locality attached to it, so as to bring it within the operation of a statute like the one in question, unless the legislature has, as it undoubtedly might have done, clearly evinced such intention, or the spirit of the act manifestly requires it ; neither of which is the case in the present instance.

In this view of the subject, the debt in question, as the property of *Butler* and *Gore,* being, in no legal sense, situated in this state, the transfer of it by them, is no more affected by that statute, than would be a transfer by them of any other of their property situated elsewhere.

The plaintiffs, however, insist, that a debt due from the defendants, which is a corporation created by our laws, differs in its nature, and is to be governed by a different rule,

from one due by a natural person, or from ordinary debts, on *Hartford,* June, 1842.
the ground that the corporation, being created by a law of
this state, can have no existence elsewhere ; and therefore,
that a debt due from it must partake of its immoveable char-
acter.   The doctrine respecting debts, being founded on their
own intrinsic character, as well as those views of policy and
convenience which have been established in regard to all
property of a personal nature, I can perceive no ground for
any such distinction.

*Atwood v. The Protection Insurance Company.*

Although it may not be practicable to subject the corpora-
tion to a suit against its person in a foreign state, on the
ground that it has no existence out of the limits of the state
by which it was created, (14 *Conn. Rep.* 301.) in every other
respect, debts against it stand on the same footing, and may
be enforced in the same manner, as those against natural per-
sons.   The fixedness of their location may constitute a good
reason why the *stock* of such corporations should be deemed
of a local character, but has no such application to the debts
due by them as to make them also local.   This point did not
escape the attention of *Erskine,* who, in his *Institutes,* after
stating that the shares of the trading companies, or of the
public stocks of any country, for example, the banks of *Scot-
land, England* and *Holland,* the *South Sea Company,* &c.,
must be exempted from the general rule as to the transfer
and succession of personal property; and that these are,
" without doubt, descendible according to the law of the state
where such stocks are fixed," adds, " *but the bonds or notes of
such companies make no exception from the general rule.*"
*Book* 3. *tit.* 9. §4.   As, therefore, the debt in question is not
the subject of any positive regulation, by our laws, as to the
mode of its transfer, the act on which the plaintiffs rely, not
requiring the assignment of it to be lodged for record as
claimed, there is no conflict between the laws of *Ohio* and
*Connecticut* on the subject; and the transfer of it, being ac-
cording to the laws of both, it is, of course, perfect.

The case of *The Richmondville Manufacturing Company*
v. *Prall* & al. 9 *Conn. Rep.* 487., has been very strongly
urged, by the plaintiffs' counsel, as decisive of the present,
which was determined by the court below, on the authority
of the general expressions contained in the opinion of the
court, as given in that case.   It was there held, that the act

*Hartford,*
*June, 1842.*

*Atwood*
*v.*
The Protection
Insurance Com-
pany.

relied on in this case, required that an assignment of shares of the stock of a corporation, incorporated by the legislature of this state, and located in this state, made in *New-York,* by the owner, residing there, with a view to his insolvency, should be lodged for record in the office of the court of probate for the district in which the property was situated.   As to the character of the property assigned, it will be perceived, that between that case and this there is an essential difference ; in the one, it being stock in a manufacturing corporation, and in the other, a debt due by a corporation.   The grounds, on which it appears that decision was made, were, that the stock was personal property, situated within this state, and therefore subject to its jurisdiction ; and that, by the true construction of the statute in question, such property was within the policy, and therefore should be held to be within the operation of its provisions, although the assignor resided, and the assignment was executed, out of this state. That the stock was local in its character, does not appear to have been doubted : the principal question was, whether the statute, which provides that the assignment shall be lodged for record in the office of the court of probate for the district *where the assignor resides,* applies to a case where the assignor resides *out of the state.*   The court decided, that the statute was applicable to such a case, and, as it could not be literally complied with, the assignment was to be recorded in the office of the probate judge *where the property was situated ;* and, from the concluding remarks of the judge giving the opinion, it is obvious, that the court proceeded on the ground of the local character of the particular property then in question.   It is not necessary to revise that decision ; nor is it overruled, or in any degree shaken, by the view which has been taken of the present case.   There is not, as appears from what has been said, that similarity in the nature of the property which was the subject of the assignment, in the two cases, which requires that the statute should receive the same construction as to both.   In *Robinson* v. *Bland, 2 Burr.* 1079. S. C. 1 *W. Blk.* 247. Lord *Mansfield* mentions, among the class of personal property which is deemed to be local, the public funds or stocks, the local nature of which requires them to be treated according to the local law ; and Judge *Story* says : " The same rule may properly be applied to all

other local stock, or so made by the local law, such as bank stock, insurance stock, turnpike, canal and bridge, shares, and other incorporeal property, owing its existence to, or regulated by, particular local laws. No positive transfer can be made of such property, except in the manner prescribed by the local regulations." *Confl.* §383. 2 *Burge's Com.* 863. 3 *Id.* 751.

*Hartford,
June, 1842.*

Atwood
*v.*
The Protection
Insurance Company.

There is no authority for applying the same rule to debts due abroad, whether by natural or artificial persons.

For these reasons, a new trial is advised.

WILLIAMS, Ch. J., and WAITE, J., were of the same opinion.

CHURCH and HINMAN, Js., were absent.

New trial to be granted.