DUTY MOWRY, Appellant,

*vs.*

HANS CROCKER, Respondent.

APPEAL FROM MILWAUKEE CIRCUIT COURT.

Personal property, as to the rule of its transfer, follows the law of the domicil of the owner.

A voluntary assignment for the benefit of creditors, valid by the laws of the state which is the domicil of the parties to the assignment, is, by the principles of public policy and judicial comity, held good in any other state, and *ipso facto*, passes the personal property to the assignee, wherever situated.

If the debtor of the assignor, after the assignment, but without notice thereof, pay over the debt due the assignor, he is discharged by such payment.

The object of the notice is to charge the debtor with the duty of paying the money to the assignee.

Where the debtor, after having been garnisheed by an attaching creditor, but before making answer or paying over the money, receives notice of a prior valid assignment, he is bound to the assignee, because the debt passed in fact by the assignment before the inception of the attachment.

Mere delay in giving notice of the assignment to the debtor, does not prejudice the rights of the assignee, where the relations of the parties are otherwise unchanged.

The appellant, plaintiff below, complained of the respondent, defendant below, that David Mowry, a resident of Rhode Island, about the 14th of August, 1847, placed in the hands of the defendant, an attorney, for collection, certain notes of the said Mowry against Jonathan E. Arnold, of Milwaukee, secured by a mortgage, upon which he recovered a decree against said Arnold in favor of Mowry, and upon said decree and claim, collected and received for the use of said Mowry, the sum of $1,450.70, and of which he retained, and for which he was indebted to said Mowry, on the 1st day of December, 1851, the sum of $900. The complaint also sets out an assignment by said David Mowry to the present plaintiff, of all his real and personal estate, property and effects, for the benefit of

his creditors, made at the last named date, and that he caused notice in writing of the assignment to be served upon the defendant on the 7th day of June, 1857. The complainant further alleges that the plaintiff is now the lawful owner of the claim against the defendant for the moneys received by him as aforesaid, to and for the use of the said David Mowry, and that the same with the interest is due and unpaid, though demanded, and he claims judgment for the same and for costs.

The defendant does not appear to have filed any answer to the complaint, but the case was tried by the court, a jury being waived, on an agreed state of facts, as follows :

"First.—That the said Jonathan E. Arnold did make, execute and deliver the notes and mortgage to the said David Mowry, mentioned and set forth in the complaint in this action, and the same were afterwards, and in or about the month of August, 1847, placed in the hands of the defendant by the said David Mowry, for collection, and that the proceedings were thereupon had as is alleged in the complaint in this action.

Second. That the defendant, on the 14th day of December, 1852, received of J. E. Arnold, Esq., upon the notes and mortgage aforesaid, the sum of seven hundred and sixty-two dollars and twenty-five cents, and which, with interest to August 25th, 1857, amounts to the sum of nine hundred and six dollars and ninety-one cents, and that the defendant has held the same subject to the order of David Mowry ; and also, that on the 8th day of November, 1853, the defendant received the further sum of one hundred dollars, which has been drawing interest at the rate of ten per cent per annum : and that said moneys are now and have been since the date above mentioned in the possession of the defendant.

Third. That Willis Cook, administrator, on the fourth Monday of September, 1851, in the supreme court of the state of Rhode Island, recovered a judgment against the said David Mowry for the sum of $2,500, and that the said Willis Cook, afterwards, and on the 19th day of January, 1857, assigned said judgment to Henry P. Parks, who afterwards, and on the

18th day of May, 1857, assigned the same to Peleg W. Lippit, the plaintiff in the attachment suit herein mentioned; that said Cook, Parks and Lippit were, at the date of the assignment hereinafter mentioned, and are now residents of the state of Rhode Island, and that they, and each of them, had notice of the said assignment at or about the time it bears date.

Fourth. That on the first day of December, 1851, the said David Mowry did execute and deliver an assignment of all his estate, real and personal to Duty Mowry, the plaintiff in this action, in trust, and for the benefit of his creditors, and which said assignment is particularly set forth and described in the complaint in this action; that the same was duly acknowledged, certified and recorded, as is alleged in said complaint; that the said plaintiff accepted said trusts, and entered upon the discharge of his duties as such assignee; and that certain of the creditors of David Mowry, with the exception of Willis Cook, administrator, gave their assent to said assignment, and executed the release as therein provided; that the defendant, Crocker, had information, by way of rumor, of the assignment before the attachment, but from whom or when he cannot say.

Fifth. That on the 21st day of May, 1857, Peleg W. Lippitt, the assignee of the judgment of *Cook vs. Mowry*, commenced an action thereon in this court, against the said David Mowry; and attached the moneys aforesaid in the hands of the defendant.

Sixth. That on the 7th day of June, 1857, a written notice, as is alleged and set forth in the complaint, was personally served on the defendant, and a demand made on behalf of the plaintiff for the moneys in his possession.

Seventh. That the said defendant has not made answer to the process of garnishment under the attachment, and still holds said moneys, subject to the opinion and judgment of this court.

Eighth. That if the court shall be of the opinion that the plaintiff is entitled to recover, judgment may be entered for the plaintiff for the sum of nine hundred and six dollars and

ninety-one cents, with interest thereon from the 25th day of August, 1857, and also for the sum of one hundred dollars, with interest thereon from the eighth day of November, 1853, at and after the rate of ten per cent. per annum.

It is hereby stipulated and agreed, that the foregoing statement of. facts be considered and taken as true, and read as evidence upon the trial of the above entitled action.

Upon this agreed statement the court below held that inasmuch as the said David Mowry, assignee of Duty Mowry, had never reduced to possession the said moneys in the hands of the defendant nor made any demand upon the defendant therefor, or gave the said defendant notice of said assignment, until the commencement of the attachment suit of Peleg W. Lippit against said Mowry in this court, in which the said Crocker was served with process, the plaintiff in this action could not recover. The court also held the said assignment to be void in law, and gave judgment for the defendant: from which judgment and decision the plaintiff appealed.

*Cross* and *Gridley*, for appellant.

I. The assignment is valid by the laws of Rhode Island. *Dockray vs. Dockray*, 2 R. .I Rep., 547 ; *Stewart vs. Spencer*, 1 Curtis, 157 ; *Heydock vs. Stanhope*, 1 Id., 471.

II. The assignment being valid by the laws of Rhode Island, the state in which both assignor and assignee have their domicil, is valid every where in the United States, to pass personal property of the assignor. *Holmes vs. Remsen*, 4 John. Chy. R., 486 ; S. C. in Error, 29 John., 262 ; *Bird et al. vs. Carital*, 2 John., 342 ; Story's Conflt. of Laws, § 379; 383, 398, 411, and cases cited.

The courts of the United States follow the same rule. *Brasher. es. West*, 7. Pet. R. 608 ; *Black vs. Zackary*, 3 How. R. 453 ; *Dundass vs. Bowler*, 3 McLean, 497 ; *Le Roy vs. Crowningshields*, 2 Mason, 151 ; so likewise nearly all of the states. 5 N. H. R., 213 ; 10 Id., 260 ; 14 Conn. R. 555 ; 6 Binn, 353 ; 2 Bailey, 163 ; 8 Robinson, 262 ; (4 B. Mon. *Bk. of U. S. vs. Heath*) ; 6 Mis., 302.

Massachusetts and Maryland are the only states (with the

exception of Maine, as controlled by Massachusetts decisions) in which a contrary doctrine has been held, but Massachusetts relaxes its narrow rule when the attaching creditor is not a citizen of that state. *Means vs. Hapgood*, 19 Pickering, 105.

III. The assignment takes precedence of, and the plaintiff can hold and recover property of the assignor, as against an attachment, subsequent to the assignment, in favor of a creditor of the assignor, not a citizen of this state, and especially as against a creditor who is a citizen of the state in which the assignment was executed. *Holmes vs. Remsen*, (supra.) *Caskie vs. Webster*, (supra.) *Bohlen vs. Cleveland*, 5 Mason, 174. *Whipple vs. Thayer*, 16 Pickering, 25. *Means vs. Hapgood*, (supra.) *Law vs. Mills*, 18 Penn., (6 Harris,), 185. *Story's Conflict of Laws*, § 395-6 to 399a. *Burril on Assignments*, p. 343, and cases cited.

IV. Lippitt had notice of the assignment prior to his acquiring any interest in the judgment vs. David Mowry, and courts of equity and of law will protect the rights of assignees against all persons having either expressed or implied notice of the trust or assignment of choses in action. *Littlefield vs. Story*, 3 J. R., 425 ; *Anderson* vs. *Van Allen*, 12 Id., 343 ; *Dawson* vs. *Cole*, 16 Id., 54 ; *Briggs* vs. *Dorr*, 19 Id., 95 ; *Wilkins* vs. *Batterman*, 4 Barb., S. C. R., 47 ; *Welch* vs. *Mandville*, 1 Wheat., 233 ; *Rockwell* vs. *Daniels*, 4 Wis, 432.

V. The defendant had sufficient notice of the assignment to charge him with the payment of the debt to the plaintiff, and in time to defeat the attachment, even though in favor of a *creditor* of David Mowry, the assignor. *Bahlen* vs. *Cleveland*, (supra.) ; *Wakefield* vs. *Martin*, 3 Mass., 558 ; *Dix* vs. *Cobb*, 4 Mass., 508 ; *Dawson* vs. *Coles*, (supra.) ; *Wilkins* vs. *Batterman*, (supra.) ; *Rodriques* vs. *Hefferman*, 5 John. Chy., 417 ; *Story's Conflict of Laws*, § 396, 398.

*J. E. Arnold*, for appellee, cited Code § 144 ; Burr on Assignment ; 4 McLean, 535.

*By the Court,* COLE, J. This was a voluntary assignment of property in trust for creditors, made and executed in the State of Rhode Island. It appears that the assignor, David Mowry, the assignee, Duty Mowry, Willis Cook, the judgment creditor, who refused to become a party to the assignment, and Lippit, the assignee of this judgment and the attaching creditor, were all citizens of that State. And it is further conceded that the assignment of David Mowry was executed conformably to the laws of Rhode Island, and was valid and effectual to pass the title of the property, real and personal, to the assignee, Duty, at the time, within the limits of the State, belonging to the assignor. Such being the case, we suppose, upon principles of public policy, and judicial comity, generally recognized by the courts of the different states of the Union, we must sanction the validity of the assignment and hold that it operated as a transfer of the debt against Mr. Arnold, (which was in the hands of the appellee), to the assignee, even though it should be admitted that the assignment was not good by the laws of this State. The law upon this subject is laid down with great distinctness and ability in the following cases, to which it seems only necessary to refer, without comment, to show the considerations which have induced the courts of our sister states to adopt this doctrine in regard to voluntary assignments of personal property. *Whipple vs. Thayer,* 16 Pick., 25; *Daniels vs. Willard,* 16 Id., 36; *Burlock vs. Taylor, et al.,* 16 Id., 335; *Means vs. Hapgood,* 19 Id., 105; *Warren vs. Copelin,* 4 Met., 595; *Holmes vs. Remsen,* 4 John. Chy. R., 486; S. C. 20 John., 262; *Abraham vs. Pleston,* 3 Wend., 566; *Hoyt vs. Thompson,* 1 Selden, 352; *Atwood et al., vs. The Protection Ins. Co.,* 14 Conn., 555; *Saunders vs. Williams, et al.,* 5 N. H., 213; *Sanderson et al. vs. Bradford and Trustee,* 10 Id., 260; *Milne vs. Moreton,* 6 Binn., 353. See also *Harrison vs. Storey,* 5 Cranch, 289; *Brasheare vs. West, et al.,* 7 Peters, 608; *Black vs. Zacharie,* 3 How., 483; Story Conf. Laws, § 383 *et seq.,* and cases cited by him in the notes. Assuming, then, that the personal property had no locality but followed the law of the domicil of the owner as to the transfer and disposition thereof,

and that by the execution of the assignment the personal property, wheresoever situated, passed, *ipso facto*, to the assignee, and that the assignment being good and valid in the state where executed, must be sustained here on the ground of comity, and we have then to inquire whether the assignee, by neglecting to give the appellee notice of the assignment, and reducing the property to possession, has been guilty of such *laches* as to enable the attaching creditor to hold it as against him.

From the statement of facts filed in the case, it appears that the assignment was executed on the 1st day of December, 1851, and that the appellant accepted the trust and entered upon the discharge of his duties as assignee ; that the creditors of David Mowry, with the exception of Cook, gave their assent to the assignment, and executed the release therein provided, and that the appellee had information, by way of rumor, of the assignment, before the attachment; but from whom, or when, he cannot say.    Further, that on the 21st of May, 1857, Lippit, the assignee of Cook's judgment, commenced an action in the circuit court of Milwaukee county, against David Mowry, and attached the moneys in dispute in the hands of the appellee; and that on the —— day of June, 1857, a written notice of the assignment was personally served on the appellee, and a demand made in behalf of the appellant for the moneys in his possession.    Also that the appellee has not made answer to the process of garnishment under the attachment, and still holds the moneys, subject to the opinion and judgment of the court.

As already intimated, we suppose the effect of the assignment was to operate at least as an equitable transfer of the debt against Mr. Arnold in the hands of the appellee, to the appellant.    Undoubtedly, if Mr. Arnold, or the appellee, after the assignment and before any notice thereof, had paid over the money to the assignor, they would have been discharged, and the present action could not have been sustained.    The object of notice was to charge the debtor with the duty of payment to the assignee.    And probably if the money had been attached in the hands of the appellee by a creditor of the assignor, and

Mowry vs. Crocker.

paid over under an order of court before notice of the assignment, it could not again be recovered.

But before the appellee answered the garnishee process, and confessedly while the money was in his hands, he received a written notice of the assignment and demand of the money on behalf of the appellant. And it also appears that the appellee had information by way of rumor of the assignment before the attachment. We think this was all that was necessary for the protection of the appellee, and to maintain the title of the appellant to the money.

It was insisted upon the argument by the counsel for the appellee that it was the duty of the assignee, in order to perfect his title to this money, to give notice of the assignment, and to reduce the money to his possession, within a reasonable time. " The notice was indispensable to charge the debtor " with the duty of payment to the assignee, so that, if without " notice, he paid the debt to the assignor, or it was recovered " by process against him, he would be discharged from the " debt." Story Conf. Laws, § 396. Further than this we do not think the notice was material in this case.

The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.