SERENO D. CLARK *vs*. THE CONNECTICUT PEAT COMPANY
AND OTHERS.

A debt due from citizens of this state to citizens of Massachusetts was attached by process of foreign attachment, by a citizen of this state to whom the Massachusetts creditors were indebted. Before the attachment the debt had been assigned in good faith by the Massachusetts creditors to a citizen of Massachusetts, but no notice of the assignment had been given to the Connecticut debtor, and the attaching creditor had no knowledge of it. Held that the assignment, being good by the laws of Massachusetts without notice to the debtor, was good here, although by our law such notice would be necessary upon such an assignment made here.

BILL IN EQUITY, brought to the Superior Court in Hartford county, to compel the principal respondents, the Connecticut

Peat Company, to pay to the petitioner the amount of a judgment obtained against them in this state in the name of Leavitt & Hunnewell, of the state of Massachusetts, upon a negotiable note of the respondents, assigned to the petitioner before the suit was brought, with an assignment of the judgment after it was obtained, the respondents refusing to pay on the ground that the debt owed by them upon the note had been attached by a process of foreign attachment in this state by one Richard S. Lewis, a citizen of this state, after the assignment of the note but before any notice of the assignment had been given to the respondents. The petitioner and Leavitt & Hunnewell resided at the time of the execution of the note by the respondents, and at the time of the assignment of it, in the state of Massachusetts. The assignment was as follows :

" Boston, Mass., June 25, 1867. In consideration of one dollar and other good and valuable considerations, we hereby assign and transfer to Sereno D. Clark, of Brighton, Massachusetts, a promissory note of the Tolland County Peat Company, dated June 27, 1866, payable in four months from that date at the First National Bank in Rockville, Connecticut, the said note being our property, and being now in the hands of our attorneys, Messrs. T. C. & C. E. Perkins, of Hartford, Connecticut, for collection. Also another note in the hands of the same attorneys for collection, of the Connecticut Peat Company, dated August 9th, 1868, for thirty-two hundred and fifty-one dollars, payable to our order on demand. The said notes are assigned to the said Clark as security for the payment of a note held by him, signed by T. H. Leavitt, for seven thousand dollars and interest, dated March 31st, 1866, and endorsed by the undersigned, Leavitt & Hunnewell, and also as security for any other indebtedness of the said Leavitt or the said Leavitt & Hunnewell to him which they may now or hereafter be under to him. And we hereby authorize and direct our said attorneys to hold and collect the said notes for the benefit of the said Clark as aforesaid. LEAVITT & HUNNEWELL."

The assignment was made in good faith for the purpose stated in it. The note was at the time in the hands of the

Messrs. Perkins at Hartford, as attorneys for Leavitt & Hunnewell, for collection; and on the 8th day of August, 1867, the petitioner notified the Messrs. Perkins of the assignment. The suit brought by them on the note was brought in the name of Leavitt & Hunnewell, on the 24th of July, 1867, and was prosecuted to final judgment which was obtained on the 29th of May, 1868, and the judgment was assigned to the petitioner on the same day. The factorizing suit of Lewis was brought and served on the respondents on the 13th day of May, 1868, at which time no notice had been given to the respondents of the assignment of the note, and he, Lewis, had no knowledge of the assignment. The suit of Lewis was still pending when the present case was heard. The note of the respondents to Leavitt & Hunnewell was dated at Hartford, Connecticut, was payable on demand to the order of Leavitt & Hunnewell at the office of the respondents in Hartford, and when delivered to the Messrs. Perkins for collection was endorsed in blank by Leavitt & Hunnewell, and so remained at the time of the assignment and until the judgment was obtained on it.

The Superior Court made a finding of the foregoing facts and reserved the case for the advice of this court.

*C. E. Perkins*, for the petitioner, cited *Wakefield* v. *Martin*, 3 Mass., 558; *Blake* v. *Williams*, 6 Pick., 286; *Warren* v. *Copelin*, 4 Met., 594; Story on Confl. Laws, § 396; *Atwood* v. *Protection Ins. Co.*, 14 Conn., 555; *Vanbuskirk* v. *Hartford Fire Ins. Co.*, id., 583; *Mead* v. *Dayton*, 28 id., 33; *Koster* v. *Merritt*, 32 id., 246; *Caskie* v. *Webster*, 2 Wallace, Jr., 131; *Frazier* v. *Fredericks*, 4 Zabr., 162; *Wilson* v. *Carson*, 12 Maryl., 54; *Jones* v. *Taylor*, 30 Verm., 42; *Hanford* v. *Paine*, 32 id., 442; *Ackerman* v. *Cross*, 40 Barb., 465; *Means* v. *Hapgood*, 19 Pick., 105.

*Welch* and *Hyde*, for the respondents, cited *Bishop* v *Holcomb*, 10 Conn., 444; *Rice* v. *Courtis*, 32 Verm., 460, 470, 471; *Ingraham* v. *Geyer*, 13 Mass., 146; *Fall River Iron Works Co.* v. *Croade*, 15 Pick., 11, 17; *Martin* v. *Potter*, 11

Gray, 37; *Rhode Island Central Bank* v. *Danforth*, 14 id, 123; *Fox* v. *Adams*, 5 Greenl., 245; 2 Parsons on Notes and Bills, 319; *Emerson* v. *Partridge*, 27 Verm., 8; *Worden* v. *Nourse*, 36 id., 756; *Palmer* v. *Merrill*, 6 Cush., 282; *Lee* v. *Jilson*, 9 Conn., 94; *Curtis* v. *Bemis*, 26 id., 1.

HINMAN, C. J. The object of this petition is to obtain satisfaction of a judgment debt against the defendants in favor of Leavitt & Hunnewell of Boston, which judgment was obtained upon a note payable to Leavitt & Hunnewell, which, on the 26th of June, 1867, while it was in suit, was assigned to the petitioner, with the right to go on with the suit and procure judgment on the note as security for money loaned; and on the day when the judgment was obtained the judgment itself was also assigned as security for the same loan. But the respondents refuse to pay the judgment on the ground that shortly before it was obtained, though long after the assignment of the note, the debt had been attached by a process of garnishment against them in a suit brought against the ...ees of the note, they having received at the time of the garnishment no notice of the assignment of the note to the petitioner.

The question in the case is, whether an attaching creditor residing in this state, who has garnisheed a debt due from citizens of the state to citizens of Massachusetts, and assigned by the original creditors in the state of Massachusetts to another citizen of that state before the service of the process of garnishment, but of which assignment no notice has been given to the debtors, has a lien which will be preferred to the claim of the assignee; and we are of opinion that he has not.

By the law of Massachusetts, as appears by repeated decisions of the highest court of that state, no notice to the debt or of the assignment of a chose in action appears to be necessary in order to protect the assignee against the attachment of a debt in favor of a creditor of such debtor. *Wakefield* v. *Martin*, 3 Mass., 558; *Blake* v. *Williams*, 6 Pick., 286. And although this is contrary to the decisions of our own courts

Clark *v.* Connecticut Peat Co.

and to our well settled rule upon the subject, still it is founded upon the idea that the assignment of a chose in action gives to the assignee an equitable interest which a court of equity will protect, and this undoubtedly would be our own rule if it were not considered more in harmony with our policy of protecting creditors from fraud, to require notice to the debtor in order to secure such an assigned chose in action from being reached by an attachment.

But a chose in action, as a general proposition, subject to particular exceptions, either growing out of positive statutory law or arising from the nature of the thing itself, or where the rights of our own citizens would be seriously prejudiced by adhering to the rule, has no locality or situs. It follows the person of the owner wherever he may be. As to debts generally, says Judge Storrs in *Atwood* v. *Protection Insurance Co.*, 14 Conn., 555, "there is no color for the idea that they are impliedly located in the state where the debtor resides." And in this view of the subject the debt in question, being the property of Leavitt and Hunnewell so far as locality has any operation upon it, must be deemed to be situated in Massachusetts where the holders of it resided, and was there subject to be transferred by them to any other person in the same manner as any other of their property situated there.

Indeed, this precise question, as between citizens of another state, was expressly decided by this court in the case of *Vanbuskirk* v. *The Hartford Fire Insurance Co.*, 14 Conn., 583. In that case a citizen of New York, having a claim against an insurance company of this state for a loss on a policy of insurance, assigned such claim in New York, and no notice of the assignment was given to the company here until after a creditor, also residing in New York, had attached the claim by process of garnishment, it being found that by the law of New York an assignment of a chose in action is effectual to convey the title against attaching creditors and purchasers, and it was held that the title of the assignee must prevail over that of the subsequent attaching creditor. The only question left for consideration in this case is therefore, whether the fact that the attaching creditor is a citizen of Connecticut

ought to vary the rule of law adopted in the case cited.   And
we are of opinion that that circumstance does not vary the prin-
ciple applicable to the case.   We are aware that the rule, that
the law of one country will be carried into effect and acted
upon where the rights of individuals are concerned by the
courts of other civilized countries, is subject to exceptions,
one of which is that the rule will not be enforced to the man-
ifest injury of the state where it is sought to be applied or to
its citizens in certain cases.   And the question whether a
case like this comes within this exception was intentionally
left undecided in the case referred to.   But the cases of *Mead*
v. *Dayton*, 28 Conn., 33, and *Koster* v. *Merritt*, 32 Conn., 246,
both decide that a sale and transfer of personal property in
the state of New York which is valid by the law of that state
is good everywhere, and is not affected either by the provi-
sions of our insolvent law or of our law in respect to the
retention of the possession of personal property by the vendor
after a sale.   And if it does not expressly appear in those
cases where the parties resided it is undoubtedly because that
fact was not considered, either by the counsel engaged in the
cases or by the court, as a matter of importance which would
have varied the result.   The cases rest upon the principle
that the law of the place where the contracts were made must
control as to their validity everywhere.   And we perceive no
difference in respect to the application of this principle,
whether the subject of the transfer be personal chattels or
choses in action.   But in the case of *Mead* v. *Dayton*, as the
plaintiff was a trustee in insolvency of a citizen of Connecti-
cut, the inference is irresistible that some at least of the
creditors of the insolvent resided in this state, and the point
would undoubtedly have been insisted upon had it been con-
sidered important.   If by the law of Massachusetts the plain-
tiff acquired a valid title as assignee of this debt by the as-
signment before the attachment here, how can that attachment
in any way affect that title ?   When a legal title is once vested
by a sale valid in the place where made, its validity should
be recognized everywhere.   The case of *Worden* v. *Nourse*,
36 Verm., 756, rests upon a statute of Vermont requiring

notice of the assignment of a chose in action in order to protect the right of the assignee as against an attaching creditor; and the case disagrees with the earlier cases in Vermont on the same subject, which hold that a general assignment which was valid by the law of New York where it was made, was valid in respect to personal property situated in Vermont, even against the attachment of a creditor residing in Vermont. *Jones* v. *Taylor*, 30 Verm., 42 ; *Hanford* v. *Paine*, 32 Verm., 442 ; See also *Caskie* v. *Webster*, 2 Wallace, Jr., 131.

In the case of *Means* v. *Hapgood*, 19 Pick., 105, it was held by the Supreme Court in Massachusetts, that an assignment good by the laws of the state where made was good in Massachusetts. And this principle, in the case of *Warren* v. *Copelin*, 4 Met., 594, was applied to a chose in action which had been attached in Connecticut before notice of the assignment was given, the attachment being good by our law, which in this respect differed from that of Massachusetts.

At the time the note was transferred to the petitioner, it was in suit in the Circuit Court for the District of Connecticut, the payees being plaintiffs, and the suit was prosecuted in their names to final judgment ; and as it was a negotiable note it is said the transfer passed the title to the present petitioner, so that the suit could no longer be maintained in the names of the payees. Perhaps this is so. *Lee* v. *Jilson*, 9 Conn., 94 ; *Curtiss* v. *Bemis*, 26 Conn., 1. But we do not perceive how it benefits the respondents. As a negotiable security, an indorsement or assignment which transferred the legal title required no notice of the transfer in order to protect the title of the indorsee, as it is only in respect to non-negotiable choses in action, an assignment of which only transfers to the assignee an equitable title, that notice is necessary, or in respect to negotiable securities where nothing more than an equitable title is in fact assigned. If then there is any force to this claim, and we do not mean to intimate that there is not, it clearly operates against the respondents by showing that Leavitt & Hunnewell had no attachable interest in the security. And if it be admitted that notice of the complete transfer of the title was withheld in order not

to defeat the suit in favor of Leavitt & Hunnewell by enabling the defendants to take advantage of the transfer of title, we do not perceive what interest the present respondents can now have in the question in this suit.

We therefore advise the Superior Court that the petitioner is entitled to a decree in his favor.

In this opinion the other judges concurred.