*IN THE MATTER OF THE PRESIDENT, DIRECTORS AND COMPANY OF THE FRANKLIN BANK IN THE CITY OF NEW YORK.

Samuel Leggett, a creditor of the president, directors and company of the Franklin Bank in the city of New York, having on the 29th of May last presented a petition to the court, under the act to prevent fraudulent bankruptcies by incorporated companies, &c., passed April 21st, 1825, setting forth that the company was insolvent, and praying for an injunction and the appointment of a receiver; and the court having directed a temporary injunction to issue, and that said company show why the prayer of the petition should not be granted; and the said company not having shown sufficient cause against the prayer of said petition, it was referred on motion of Mr. O. Hoffman, the counsel for the petitioner, to Thomas Bolton, Esq., one of the masters of this court, to receive from persons interested in the matter, nominations of proper persons to be appointed receiver, and to report to the court the names of the persons so nominated and their respective fitness, and also the names and sufficiency of the persons proposed as sureties; and the said Master having made his report as directed, his honor, the Chancellor, made the following order.

June 2d.

SAMUEL LEGGETT, of the city of New York, a creditor of the president, directors and company of the Franklin

bank in the city of New York, having on the 29th day of
May, 1828, presented a petition to this court, in pursuance
of the provisions of the act entitled, "An act to prevent
fraudulent bankruptcies by incorporated companies, to faci-
litate proceeding against them and for other purposes,"
showing among other things, that the said company was
insolvent, and setting forth the particular facts and circum-
stances of the case; and praying that an injunction might
be issued by this court, to restrain the said company and its
officers from exercising any of the privileges or franchises
granted by the act incorporating the said company, or by
any other act; and from collecting or receiving any debts,
and from paying out, or in any way transferring any of the
moneys or effects of the said company until this court should
otherwise order; and that a receiver of the property, moneys
and effects of the said company might be appointed, and
the said property, money and effects of the said company
distributed among the fair and honest creditors thereof;
whereupon, this court directed a temporary injunction to
issue, and that the said *president, directors and company [*86]
show cause before the Chancellor, at the City Hall of the
city of New York, on the 31st day of May now last past, at
ten o'clock in the forenoon, why the prayer of the said peti-
tion should not be granted; and that copies of the said
petition and of the said order to show cause, be forthwith
served on the president or cashier of the said company, and
on the Attorney-General of this state; and which said copies
were thereupon duly served as directed by this court;
whereupon, the said incorporated company, by Peter A.
Jay, Esq., their solicitor, appeared before the Chancellor at
the time and place last aforesaid, and did not deny the in-
solvency of the said company, or show any sufficient cause
why the prayer of the petitioner should not be granted:
and thereupon, on motion of Mr. Ogden Hoffman, solicitor
for the petitioner, it was further ordered, that it be referred
to Thomas Bolton, Esq., one of the masters of this court,
to receive from any person or persons interested in this

1828.

In the Matter
of the Franklin
Bank.

matter, nominations of proper persons to be appointed receiver of the property, moneys and effects of the president, directors and company of the Franklin Bank in the city of New York, and to report to this court the names of the persons so nominated, and their respective fitness for the said appointment. And it was further ordered, that the said master also report the names of the sureties who might be proposed for the said persons respectively, and as to the fitness and sufficiency of the said proposed sureties to give bond with the person who might be appointed receiver as aforesaid, in the sum of fifty thousand dollars. And the said master was thereby directed to send to this court his report in this matter on Monday next, (and now last past.) And the said master having, in pursuance of the last-mentioned order, made a report to this court of the several persons named as receivers of the property, moneys and effects of the said company by the different parties in interest; by which report, among other things, it appears that James Kent, late Chancellor of the state of New York, has been nominated by the president, directors and company of the North River Bank in the city of New York, and by others; and that he is a fit and proper person for such receiver; and that *John Hone, senior, and Philip Hone are offered as his sureties for the faithful discharge of the said trust; and that they are and each of them is of sufficient ability and fully competent to become such sureties in the sum of fifty thousand dollars; and the truth of the several matters stated in the said petition being satisfactorily proved to this court, it is this day ordered, and this court, in pursuance of the directions of the statute in such case made and provided, doth order and direct, that an injunction do forthwith issue, agreeably to the prayer of the said petitioner, to restrain the said company and its officers, agents, solicitors, attorneys and servants, and each and every of them, from exercising any of the privileges or franchises granted by the act incorporating the said company, or by any other act; and from collecting or receiving any debts, and from paying out, or in any

[*87]

way transferring any of the moneys or effects of the said company, or any bond, bill, note, certificate of stock, or evidence of, or security for any debt due to the said company, or any other property, stock or choses in action, in which the said company have any right or interest either at law or in equity. And it is further ordered, that the same James Kent be, and he is hereby appointed receiver of the property, moneys and effects of the said company, on his filing with the assistant register of this court, a bond, executed by himself and by the said John Hone and Philip Hone to the people of the state of New York, in the penal sum of fifty thousand dollars jointly and severally; and conditioned for the faithful performance by the said James Kent of the trust reposed in him as such receiver; and that he shall obey such orders and directions as he may from time to time receive from this court in relation to the said trust; and that he shall account for and pay or deliver over as he may be directed by this court, all the moneys, property and effects of the said company which shall come to his hands as such receiver. And it is further ordered, that the president, director, cashier, clerks, tellers, attorneys, solicitors and other agents and servants of the said company, and each and every of them, under the direction of Murray Hoffman, Esq., one of the masters of this court, disclose and deliver over on oath to the said receiver all the moneys, property and effects *of the said company in their possession, or within their power, or under their control, or in the possession, within the power or under the control of any or either of them, and including the banking house and other real property, and the title deeds thereto, and all books, papers, memoranda and evidences of, or securities for, any debts due or owing to the said company, or in which the said company have any interest; and that they also assign over to the said receiver, under the direction of the said master, all public or private stock or stocks belonging to the said company, or hypothecated to or holden by the said company, or any officer or agent thereof,

1828.

In the Matter of the Franklin Bank.

[*88]

for the security of any debt due to the said company; and that they also disclose, assign and deliver over to the said receiver on oath, and under the direction of the said master, all moneys, effects, property, securities, stocks and evidences of debt which have heretofore belonged to the said company, and have been assigned by the said company or any officer or agent thereof, in contemplation of the insolvency of the said company. And it is further ordered, that the said receiver and master apply to this court from time to time for direction in the premises, as they or either of them may deem necessary. And it is further ordered, that the said receiver deposit all notes and bills belonging to the said company, payable in the city of New York, and which are not yet due and payable in the bank in the said city in which the moneys paid into this court for the benefit of suitors thereof, are by law directed to be deposited, to the end that such notes and bills may be demanded and protested, if the same are not paid at the time when such notes and bills respectively became due and payable. And the said receiver is further directed not to extend the time of payment of any debt or demand due or owing to the said company, unless he shall be satisfied that such debt or demand is unsafe, and unless additional security for the payment thereof shall be given, in which case he is authorized to extend the time of payment not exceeding six months, on receiving sufficient security for the payment thereof. And the said receiver is directed to proceed and collect without delay, all debts due and owing to the said company, except in those cases where *it shall become necessary to postpone the payment, and on obtaining sufficient security as aforesaid, but that he be not required to put any demand in suit where there is not a reasonable probability that sufficient will be collected to pay the costs of suit; and that the said receiver be authorized to compound any debt due from insolvent debtors in such manner as he shall deem for the interest of the stockholders and creditors of the said company; and that the said receiver be authorized to employ

such clerks, solicitors, attorneys and counsel, and one or more clerks, at such reasonable compensation as he shall think proper, to aid him in the discharge of the duties of the said trust. And it is further ordered, that as often as the moneys in the hands of the said receiver amount to the sum of five thousand dollars, and oftener if he shall think necessary, he shall vest the same in the public stocks of this state or of the United States, in the name of the assistant register of this court, and deliver the scrip taken therefor to such assistant register, retaining, however, at all times, in the hands of the said receiver, such sum of money as he may deem necessary for the current expenses of executing the said trust, not exceeding one thousand dollars. And it is further ordered that the said receiver dispose of all the property and stocks belonging to the said company at public auction, at such times, and on such reasonable notice in the public papers of the city of New York, as he shall deem proper. And it is further ordered that the said receiver, with the least possible delay, make a cursory examination into the affairs and debts of the said company, and give information to the creditors of the said company by a notice to be inserted in one or more of the public papers of the said city, what, in his opinion, is the probable proportion of their debts, which the creditors of the said company may expect to receive from the property and effects of the said company. And it is further ordered, that the said receiver report to this court at the next term thereof in the city of New York, a full and perfect statement of the affairs of the said company, and of the amount due therefrom, and the amount of the proceeds of the property and effects of the said company, the debts due to the bank and uncollected at that time, the names of the *debtors, and the reasons why the same have not or cannot be collected; and that the said receiver give public notice in the paper printed by the printer to this state, and in the several public newspapers printed in the city of New York daily, and which circulate in the country, to the creditors of the said company, to pre-

1828.

In the Matter of the Franklin Bank.

[*90]

sent their claims against the said company to the said receiver, on or before the first of October next, to the end that the claims of the said creditors may be examined and ascertained ; and that a division and distribution of the proceeds of the property and effects of the said company may be made among such creditors, agreeably to the statute in such case made and provided.