George A. Osgood et al., Receivers, etc., Respondents, *v.* George A. Maguire, Appellant.

Under the provisions of the statute relating to proceedings by and against corporations (2 R. S., 463, § 39, *et seq.*), an application may be made by a stockholder, without the intervention of the attorney-general, to restrain an insolvent insurance corporation from exercising its corporate rights and franchises, and for the appointment of a receiver.

The Supreme Court, therefore, has jurisdiction to appoint a receiver in an action brought by a stockholder to restrain corporate action; and a receiver thus appointed becomes vested with the property and effects of the insolvent corporation.

As to whether, in such action, the court has jurisdiction to dissolve the corporation, *quære*.

In an action brought by the receiver of a domestic insurance corporation upon promissory notes which were part of the assets and came to his hands as such receiver, which notes were made by a resident of Mass., but were payable in this State, defendant pleaded in bar that after the appointment of plaintiff the debt due upon the notes was attached in an action in Mass. brought by a creditor against the corporation. *Held,* that the notes were property, the *situs* of which was in this State, and passed to the receiver for the benefit of all the creditors; and that the proceedings in Mass. did not affect his title or right to recover.

A subsequent attachment by a creditor in this State would not have affected plaintiff's rights; and the rule of national comity does not give foreign creditors a better position, in this respect, than domestic.

(Argued September 24, 1874; decided January term, 1875.)

Appeal from the judgment of the General Term of the Supreme Court in the first department, affirming a judgment entered on the verdict of a jury for the plaintiff. (Reported below, 61 Barb., 54.)

This action was upon two promissory notes given by the defendant, a resident of Boston, to the Columbian Insurance Company. No place of payment was mentioned in the notes. One was dated June 30, 1865, and the other was dated September 24, 1865. The former was payable twelve months from July 2, 1865, and the latter twelve months from date. The plaintiffs claim the notes as receivers of the insurance company. The defendant in his answer denied

that the plaintiffs had been legally appointed such receivers, and alleged that the debt of the defendant due upon the notes had been attached in a suit against the company in Massachusetts.

*Ira D. Warner* for the appellants. The process of foreign attachment levied upon the debt for which this action was brought is a perfect defence to it. (*Embra* v. *Collins*, 5 J. R., 101; *Holmes* v. *Remsen*, 20 id., 229; *Donovan* v. *Hunt*, 7 Abb., 29; *Burrow* v. *Miller*, 5 How., 51; *Andrews* v. *Herrick*, 4 Cow., 521; *Wheeler* v. *Raymond*, 8 id., 311; Drake on Attachments, § 462; Story on Confl. of Laws, § 399; Cushing on Trustee Process, 71, note; *Hull* v. *Blake*, 13 Mass., 133; *Ingham* v. *Geyer*, id., 146; *Taylor* v. *Col. Ins. Co.*, 14 Al., 353.) In this State an attaching creditor can hold against a receiver of another State. (*Hoyt* v. *Thompson*, 1 Seld., 351; *Willets* v. *Waite*, 25 N. Y., 586; *Kelly* v. *Crapo*, 45 id., 91.) The courts of this State will yield to comity in giving effect to the same rule in another State. (Drake on Attachments, § 530; *Fish* v. *Weston*, 5 Me., 410.) The court had no jurisdiction of the action brought by Harbeck to dissolve the corporation, and it was not dissolved by the judgment therein. (*Folger* v. *Col. Ins. Co.*, 99 Mass.; *Verplanck* v. *Mer. Ins. Co.*, 1 Edw., 89; *Ferris* v. *Strong*, 3 id., 127; *Attorney-General* v. *Reynolds*, 1 Eq. Cas. Abr., 131; *Bayless* v. *Orne*, 1 Freem. [Miss.], 173; *Attorney-General* v. *Earl of Clarendon*, 17 Ves., 491; *State* v. *Mer. Ins. Co.*, 8 Humph., 252; *Bangs* v. *Mackintosh*, 23 Barb., 598; *Thatcher* v. *Powell*, 6 Wheat., 119; *Arthens* v. *Kinnan*, 20 Wend., 241; *Seymour* v. *Judd*, 2 Cow., 464; *Denning* v. *Corwin*, 11 Wend., 652; *Borden* v. *Fitch*, 15 J. R., 144; *Mills* v. *Martin*, 19 id., 33.) The action was not authorized by any statute of this State. (Code, §§ 48, 430, 434, 444, 447, 471.) Such action can only be brought by the attorney-general in the name of the people of the State. (*Howe* v. *Denil*, 43 Barb., 504; *People* v. *Erie R. Co.*, 36 How., 129; *Bangs* v. *McIntosh*, 23 Barb., 591.)

*Dudley Field* for the respondent. The company having appeared in the action brought by Harbeck, by attorney, and consented to the appointment of the receivers, is estopped from questioning the jurisdiction of the court therein. (*Jay* v. *De Groot*, 17 Abb., 36, note.) It was not necessary that the attorney-general should bring the action. (*Mann* v. *Pantz*, 2 Sandf. Ch., 260; *Verplanck* v. *Mer. Ins. Co.*, 1 Edw., 90; S. C., 2 Paige, 453; *Hill* v. *Mut. Ins. Co.*, 4 Sandf. Ch., 579; *In re Franklin Bk.*, 1 Paige, 86.) The foreign attachment is no defence to this action. (*Mumma* v. *Pots. Ins. Co.*, 8 Pet., 281–286; *Bangs* v. *Duckinfield*, 18 N. Y., 596; *Mann* v. *Pentz*, 3 id., 421; *Ward* v. *Tenn. Ins. Co.*, 7 Paige, 299; *Folger* v. *Col. Ins. Co.*, 99 Mass., 267.) An action pending in another State is not a bar to an action in this State. (*Williams* v. *Ayrault*, 31 Barb., 364; *Cook* v. *Litchfield*, 5 Duer, 330 *Walsh* v. *Durkin*, 12 J. R., 99; *Jackson* v. *Wells*, 9 id., 94.) The attachment alone is no defence. (*Holmes* v. *Remsen*, 20 J. R., 229; *Abraham* v. *Plestorain*, 3 Wend., 540; *Prest.*, etc., v. *Thorp*, 6 Conn., 46; *Bell* v. *Hunt*, 3 Barb. Ch., 391.)

EARL, C. In January, 1866, one Harbeck, a stockholder of the Columbian Insurance Company, commenced an action in the Supreme Court against the company, in which he prayed that the company might be dissolved, a receiver of its affairs appointed and an injunction issued, on the ground that it had violated its charter in the declaration and payment of a dividend out of its capital stock. The insurance company appeared in the action, and such proceedings were therein had that, on the twenty-second day of January, a receiver of its property and effects was appointed, and final judgment dissolving the corporation and appointing receivers was entered February 2d, 1866. The plaintiffs herein are the successors of those receivers.

Section 39 of article 2, title 4, chapter 8 of the third part of the Revised Statutes, provides that, " whenever any corporation, having banking powers or having the power to make

loans, on pledges, or deposits, or authorized by law to make insurances, shall become insolvent or unable to pay its debts, or shall have violated any of the provisions of its act or acts of incorporation, or of any other act binding on such corporation, the Court of Chancery may, by injunction, restrain such corporation and its officers from exercising any of its corporate rights, etc., until such court shall otherwise order." Section 40 provides that, " such injunction may be issued on the application of the attorney-general, in behalf of this State, or of any creditor or stockholder of such corporation, upon bill or petition filed for that purpose and upon due proof of any of the facts in the last section required to authorize the issuing of the same." Section 41 provides that: "Upon such application being made, and in any stage of the proceedings thereupon, the court may appoint one or more receivers to take charge of the property and effects of such corporation and to collect, sue for, and recover the debts and demands that may be due, and the property that may belong to, such corporation." It was under these sections that the plaintiffs claim their appointment as receivers.

The appellant claims that the receivers were not legally appointed, on the ground that the application under section 40 could not be made by a stockholder, but must always be made by the attorney-general, whether the application be on behalf of the State or on behalf of a creditor or stockholder. This is not the proper construction of that section. The attorney-general may make the application on behalf of the State, and any creditor or stockholder may make it on his own behalf without the intervention of the attorney-general. This is made clear by subsequent sections. Section 43 provides that, " if such application be made by a creditor of any corporation whose directors or stockholders are made liable by law for the payment of such debt, etc., such directors or stockholders may be made parties to the bill, etc.," thus recognizing that such application can be made by a creditor. And section 44 is still more significant; that section provides " that if any creditor of a corporation desires to make such

directors or stockholders parties to the suit, after a decree therein against the corporation, he may do so on filing a supplemental bill, etc. ; and if such decree was rendered in a proceeding instituted by the attorney-general, such creditor may, on his application, be made complainant therein with, or instead of, the attorney-general, etc." And the practice and decisions are in accordance with this view of the law. (*Mann* v. *Pentz*, 2 Sandf. Ch., 257; *Matter of Franklin Bank*, 1 Paige, 86 ; *Hill* v. *Nautilus Insurance Co.*, 4 Sandf. Ch., 580 ; *Verplanck* v. *Mercantile Ins. Co.*, 1 Edw. Ch., 46 ; S. C., 2 Paige, 438.) Hence, the Supreme Court had jurisdiction to appoint the receivers; and, having jurisdiction, no question is made that it was regularly exercised. The receivers, when appointed, became at once vested with all the property and effects of the corporation, and were entitled to sue for and recover upon the notes in suit. (*Verplanck* v. *Mercantile Ins. Co.*, *supra* ; *Bank of Com.* v. *Bank of Buffalo*, 6 Paige, 503.)

It is also objected by the appellant, that the Supreme Court had no jurisdiction, in that suit, to dissolve the corporation. It was said by the chancellor, in *Verplanck* v. *Mercantile Ins. Co.*, and in *Bank Com.* v. *Bank of Buffalo* (*supra*), that the appointment of a receiver and final judgment, under the sections above cited, operated a virtual dissolution of the corporation. But it may well be that the proceedings under those sections do not extinguish the franchises and terminate the existence of the corporation for all purposes. (*Folger* v. *Columbian Ins. Co.*, 99 Mass., 267 ; *Willitts* v. *Waite*, 25 N. Y., 577.) Whether it does or not it is not important to decide in this case. It is sufficient for the purposes of this action that the receivers were regularly appointed and vested with the property of the company.

After the receivers were appointed in this State, and thus became vested with all the property of the corporation, a creditor thereof sued the corporation in the State of Massachusetts, and attached the debt due upon the notes in suit, which attachment proceedings are still pending. The defend-

ant claims that such proceedings are a bar to this action. This claim is not well founded. The Columbian Insurance Company was a domestic corporation, and had in its possession the notes sued on. These notes were payable in this State, and passed into the hands of the receivers; they were property the *situs* of which was in this State. By the law of this State this property was put into the hands of the receivers for the benefit of all the stockholders and creditors of the company. The appointment of the receivers worked an involuntary transfer of the property to them, and there was an attempt to procure an involuntary transfer in Massachusetts for the benefit of a creditor there. Under such circumstances the first transfer must prevail; and there is no rule of comity or of law by which we are required to give effect to the legal proceedings in Massachusetts. The subsequent attachment of the debt in this State could not have interfered with the rights of the receivers; and it would be carrying the rule of comity to an absurd length, for our courts to give foreign creditors a better position in this respect than they do domestic creditors.

It is well settled that transfers of property *in invitum*, by operation of law, will generally have effect only in the State where the law which works the transfer has force. But such transfers have, generally, no force upon property outside of the State where they are made; but such property will be administered for the benefit of creditors, and others interested, by the courts of the State where it is found. (*Embree* v. *Hanna*, 5 J. R., 101; *Holmes* v. *Remsen*, 20 id., 229; *Willitts* v. *Waite*, 25 N. Y., 577; *Kelly* v. *Crapo*, 45 id., 86.) But here is a case where the property was not in Massachusetts in any proper sense of the term. The notes were in this State, due and payable here to a domestic corporation. (*Hoyt* v. *Comrs. Taxes*, 23 N. Y., 224; *The People* v. *Gardner*, 51 Barb., 352; *People* v. *Trustees of Ogdensburgh*, 48 N. Y., 390–397.) Hence they are properly subject to the jurisdiction and administration of our courts. A different question as to the rights of

Massachusetts creditors would have been presented if the notes had been given by the corporation and had been held by a Massachusetts creditor of the corporation, and had there been attached in a proceeding against the corporation.

If the courts of Massachusetts should ultimately hold that defendant is obliged, also, to pay these notes for the benefit of a Massachusetts creditor (*Taylor* v. *Columbian Ins. Co.*, 14 Allen, 353), there would be a conflict of jurisdiction much to be regretted. But such a consideration should not induce the courts of this State to yield their jurisdiction over property within this State which they have undertaken to administer for the benefit of all the parties interested.

It follows that the judgment must be affirmed with costs.

All concur.

Judgment affirmed.