Zeimmer v. Schmalz.

---

# New York Marine Court.

### Special Term—May, 1882.

## ZEIMMER *against* SCHMALZ.

**Pauper cases.**—The statute in reference to permitting persons to sue in *forma pauperis* should be strictly construed. The reasons stated.

McAdam, J.—The plaintiff, who claims to be a pauper, makes application for leave to prosecute as a poor person (*Code,* §§ 458–462). The action is for brokerage, and the answer, which is verified, denies all

the allegations of the complaint. The question presented, therefore, is whether, in the light of these circumstances, the impecunious broker should be allowed without cost or liability to prosecute the defendant, who is a female, for the brokerage he claims to have earned. The courts have held that the statute under which such applications are made should be construed strictly, for, as was said by Judge Cowen (2 *Hill*, 412): "The pauper comes to litigate entirely at the expense of others. He is neither to pay his own attorney or counsel, nor is he liable to his adversary should the suit prove to be groundless. He thus enjoys a great privilege and exemption from the common lot of men, whereby in respect to causes of action proper, he becomes, as Lord Bacon says, rather able to vex than unable to sue." In his case no matter what favors he asks or mistakes he makes in matters of practice, there are no costs and no statutory stays in consequence of their non-payment, while his adversary is subject to all these inconveniences of modern practice. Chancellor Walworth remarked (1 *Paige*, 39): "Applications of this kind are not to be encouraged in this State, where every healthy and industrious citizen can earn sufficient to support himself, and also to enable him to pay the moderate fees of the officers of the court; . . . . hence, the court must be convinced that the party is really an object of charity, before it will grant him this privilege." There is no evidence showing that this particular broker is "an object of charity," nor that he could not, by proper exertion, earn sufficient to pay the jurors' fees and court expenses necessary to entitle him to a hearing in the orderly and usual way. While we must be merciful to the poor, we must not be unjust to those whom they prosecute.

The motion will therefore be denied, but without costs.