IN THE MATTER OF THE ATTORNEY–GENERAL *v.* THE CONTINENTAL LIFE INSURANCE COMPANY.

CLAIM OF DOLLNER, POTTER & Co.)

*Insolvent corporation — appointment of a receiver — one subsequently recovering a judgment against the company has no lien upon its real estate.*

October 25, 1876, a receiver of the Continental Life Insurance Company was appointed in an action brought by one of its stockholders, on the ground of the company's insolvency, and on November 4, 1876, a final judgment confirming such appointment was made. November 1, 1876, proceedings were commenced by the attorney-general founded upon the fact of the company's insolvency, and alleging that the first receiver was appointed by consent and for the purpose of concealment. On March 31, 1877, a receiver was appointed in the said proceedings by the attorney-general, to whom the successor of the first receiver who had been appointed in the stockholders' action, transferred the assets of the company.

The plaintiff, who had recovered a judgment against the company on February 26, 1877, upon a policy of insurance, claimed to be entitled to a preference over other creditors of the company, upon the ground that the company owned a large amount of real estate on which the judgment was a lien.

*Held,* that the claim was not well founded.

APPEAL from an order made at a Special Term, denying a motion for an order directing the receiver of the Continental Life Insurance Company to pay to the appellant the amount of a judgment recovered against the company.

*Jesse W Furlong,* for Dollner and other claimants, appellants.

*John C. Keeler,* deputy attorney-general.

*George W. Wingate,* for the receiver, John P. O'Neill.

*Raphael J. Moses, Jr.,* for Charles P. Hartwell and other policyholders, respondents.

LEARNED, P. J. :

The claimants hold a judgment recovered against the company. February 26, 1877. This they claim should be paid in preference to other creditors on the ground that, at the time of the recovery, the company owned a large amount of real estate on which the judgment was a lien.

In an action commenced by Hoyt, a stockholder, on the ground of the insolvency of the company, a receiver was appointed October 25, 1876, pending the action; and a final judgment confirming such appointment, was made November 4, 1876. Proceedings were commenced by the attorney-general, November 1, 1876, on the ground of insolvency and on the ground that the prior appointment was by consent and for concealment. These proceedings continued until on March 31, 1877, a receiver was appointed, to whom the successor of the receiver first appointed in the Hoyt action transferred the assets. The present claim arose on a policy of insurance.

The title passed to the receiver appointed in the Hoyt action October 25, 1876 (*Osgood* v. *Maguire* 61 *N. Y.,* 524), and continued in him until judgment. The receiver is but the officer of the court, in whatever action appointed. The assets have therefore

been in the custody of the court without interruption down to the present time.

The argument of the claimants is that the appointment in the Hoyt case was utterly void and of no effect. (*Attorney-General* v. *Continental Life Insurance Company*, 53 *How.*, 16.) Now we think the claimants fail to notice the distinction between an erroneous and a void judgment.

This court has jurisdiction to appoint receivers of corporations. It may be an erroneous exercise of that power to appoint a receiver of an insurance company at the suit of a stockholder; but we should not hold such an appointment to be void when the company was before the court. Rights of the receivers, under the appointment in the Hoyt suit, have been recognized at Special Term, since the appointment made in the present proceeding.

There is clearly no equity in the claimants' case; and no reason, unless founded in strict legal right, why they should be paid before other creditors having similar claims. And we see no legal right which they have against funds which, before their judgment, were in the control of the court.

The claimants cite us to a case of one Hartwell against this company, in which a judgment was recovered against the company and ordered to be paid in preference, the judgment having been recovered November 6, 1876. An order for payment appears to have been made at Special Term in Brooklyn, January third. We know nothing of the merits of that case. The petition alleges that the judgment was for moneys fraudulently obtained. That may suggest the reason for its having a preference. Nothing of that kind exists here; and we do not feel bound by that order.

The order should be affirmed, with ten dollars costs and printing disbursements.

Present — LEARNED, P. J., and BOOKES, J.; WESTBROOK, J., not acting.

Order affirmed, with ten dollars costs and printing disbursements.