CASHIEL (UNITED STATES v.). See Case No. 14,744.

## Case No. 2,500.
### CASKIE v. WEBSTER.
[2 Wall. Jr. 131.] [1]

Circuit Court, E. D. Pennsylvania. April, 1851.

ASSIGNMENT FOR BENEFIT OF CREDITORS—COMITY BETWEEN THE STATES.

1. A general voluntary assignment, valid by the laws of one of the United States—though assumed to be void if it had been made in another—will carry property in that other against an attaching creditor there.

2. The case of Ingraham v. Geyer [13 Mass. 146], decided A. D. 1816, in which an opposite doctrine was held, is not law.

Martin, of Virginia, made an assignment, valid by the laws of that state, of all his property to Caskie, of that same state, for the benefit of such of his creditors as should assent to certain terms set forth in it, and which are not allowed by the laws of Pennsylvania. Several creditors, chiefly of Virginia, assented. One item of his property was a debt due by a resident of Pennsylvania; and before Caskie could get the money from this debtor, Webster, a Pennsylvania creditor, who had refused his assent, attached it for a debt, which was due to him. Assuming such an assignment as Martin made, to be void if it had been made in Pennsylvania—which, however, the court thought it was not—one question in the case was, whether this debt passed to the general assignee in Virginia, or was held by the attaching creditor in Pennsylvania.

Mr. Porter and Mr. Webster, for the Pennsylvania creditor. There is no doubt, that in England the law is as we contend. In Le Chevalier v. Lynch, 1 Doug. 170, an attaching creditor was protected against the assignees of the bankrupt in England; although the plantation in which the foreign attachment was instituted, was within the same dominion, where the bankrupt law was enacted. But the exact point now before the court has been decided in this country. Ingraham v. Geyer [13 Mass. 146], in the supreme court of Massachusetts, is this case with a change of names only;—Massachusetts for Pennsylvania, and Pennsylvania for Virginia. On facts like those before us, —a voluntary assignment,—Parker, C. J., gives the opinion of the court: "To give effect to this assignment so as to intercept the lien obtained by a creditor here, under the laws of our own state, when by the ef-

[1] [Reported by John William Wallace, Esq.]

fect of that assignment, he would be deprived of all opportunity of participating with the creditors in Pennsylvania in the proceeds of the debtor's effects, would be an undue partiality to foreign creditors, not warranted by the principles of justice, nor required by the comity of nations."

T. I. Wharton and Henry Wharton, on the other side.

GRIER, Circuit Justice. A debt is a mere incorporeal right. It has no situs, and follows the person of the creditor. A voluntary assignment of it by the creditor, which is valid by the law of his domicil, whether such assignment be called legal or equitable, will operate as a transfer of the debt, which should be regarded in all places.

In America, bankrupt or involuntary assignments by operation of law, have not been considered as subject to this rule. But I know of no other established exception to the general rule, that a transfer of personal property, valid by the law of the owner's domicil, is valid everywhere. I know there are some cases to be found, in which the courts of some states of this Union have decided that a voluntary assignment for the benefit of creditors, valid by the law of the creditor's domicil, will be disregarded, where it is prejudicial to the interests of attaching creditors in other states, or invalid by the laws of the state, where the debt or property is attached. Such is Ingraham v. Geyer, cited at the bar. But these decisions are not binding as authority beyond the states, in which they were made, and the counsel have not brought to our notice any case, controlling us, where the doctrine of them has been affirmed. Sitting here as a court of the United States, we do not think that the different states of this Union are to be regarded as a general thing in the relation of states foreign to each other. Especially ought they not to be so regarded, in regard to questions relating to the commerce of the country; which is coextensive with our whole land, and belongs, not to the states, but to the Union.

---

CASKIN (LEONARD v.). See Case No. 8,257.

---

CASKS OF.

[Note. Cases cited under this title will be found arranged in alphabetical order under the quantity or number of casks; e. g. "Casks of Sherry." See Six Hundred and Thirty Casks of Sherry."]

---

CASS (CITIZENS' NAT. BANK v.). See Case No. 2,732.

CASSALLY (McNAUGHTER v.). See Case No. 8,911.

CASS COUNTY (JORDAN v.). See Cases Nos. 7,517 and 7,518.

CASS COUNTY (KENNARD v.). See Case No. 7,697.

CASS COUNTY (WASHBURN v.). See Case No. 17,213.