Kelstadt agt. Reilly.

## SUPREME COURT.

MICHAEL KELSTADT and another agt. BERNARD REILLY, sheriff, &c., *et al.*

*Attachment — Voluntary assignment under laws of another state — precedence.*

A voluntary assignment under the laws of Ohio takes precedence of a fund in this state, as against a subsequent attachment instituted at suit of creditors.

*Special Term, May,* 1878.

*E. R. Meade,* for plaintiffs.

*E. Terry,* for defendants.

VAN BRUNT, *J.* — The defendant in this action claims that the assignment, which is the foundation of the plaintiffs' title to the fund in suit, did not transfer the title to the fund because it was made pursuant to the insolvent laws of Ohio. Fortunately it is not necessary for us to discuss the question as to whether the laws of Ohio, under which this assignment was made, are insolvent laws or not. In the case of *Meyer agt. Hellman* (1 *Otto,* 496) the supreme court of the United States referring to the statute of the state of Ohio used the following language: "There is nothing in the act resembling an insolvent law. It does not discharge the insolvent from arrest or imprisonment. It leaves his after acquired property liable to his creditors precisely as though no assignment had been made. The provisions for enforcing the trust are substantially such as a court of chancery would apply in the absence of any statutory provision."

The case of *Kelly* agt. *Crappo* (45 *N. Y.*, 86) simply holds. that a title acquired under foreign bankrupt or insolvent proceedings will not prevail over the lien of creditors attaching, under our own laws, property found here; and expressly recognizes that a voluntary conveyance, valid under the laws of the state where the owner resides, will operate to transfer personal property wherever situated. Story in his Conflict of Laws, in section 398 and the following sections, recognizes the same principle and cites many cases in its support.

It follows, therefore, that the assignment under which the plaintiffs claim, not having been made under an insolvent law of the state of Ohio, transferred all the property belonging to the assignor in this state and gave to the plaintiffs a title superior to that of any subsequent attaching creditor.

The plaintiff is entitled to judgment, with costs.