Landon, J.
The plaintiff and his assignors were during all the transactions stated in the stipulation reciting the facts, residents of the State of New York, and *135 not within the State of Vermont. They, therefore, were not, and could not be, without their consent, personally duly served with process of the courts of Vermont ; and since’ they never by their own acts came within the jurisdiction of that State, the courts of that State could acquire no jurisdiction over their persons, and did not.
The cases cited by the plaintiff amply sustain this position, and it is not controverted by the defendant.
But while the judgment of the Vermont court, rendered under such circumstances, is of no force against the person of the debtor, it may be binding against his property, as a proceeding in rem, if his property came within the jurisdiction, and was disposed of by the judgment of the Vermont court, according the laws of that State, and if such judgment is binding and conclusive in the State in which it is rendered, it is binding and conclusive everywhere. If once executed, that execution will be respected (Cochran v. Fitch, 1 Sandf. Ch. 142; Holmes v. Remsen, 4 Johns. Ch. 467; S. C., 20 Johns. 229; Embree v. Hanna, 5 Id. 101; Burrows v. Miller, 5 How. Pr. 52; Donovan v. Hunt, 7 Abb. Pr. 29; Andrews v. Herriot, 4 Cow. 521; 1 Kent Com. 260, 261, note b. 2 Id. 119).
It seems that the situs of the debt follows the person of the debtor, so far as to be attachable wherever the debtor is personally present so as to be served with process, unless the debt is evidenced by a written security held by the creditor, in which case the situs of the. debt follows the situs of the security (Osgood v. Maguire, 61 N. Y. 524; Guillander v. Howell, 35 Id. 657, 661).
The general rule is that any transfer of personal property, — whether voluntary or involuntary, as by trustee process, attachment, bankruptcy and the like, —if valid by the lex fori, is valid everywhere ; valid by the law of the country in which the transfer is made by *136 the force of that law; valid in other countries where the common law is administered, by the comity of nations and States. But every State protects its own citizens, and will not extend its comity to their hurt; and, in case of conflict, will prefer its own attachments, judgments, and other methods of protecting its citizens to the operation of the foreign laws (Willits v. Waite, 25 N. Y. 577; Kelly v. Crapo, 45 Id. 86; Hoyt v. Thompson, 5 Id. 351; and will not allow a transfer of visible and tangible property within its jurisdiction, that violates its own laws (Guillander v. Howell, 35 N. Y. 657); but will allow it if the property be merely a debt, not evidenced by a security (Ib., and cases cited on page 661).
It seems in this case the proceedings were had in the nature of trustee process strictly in accordance with the laws of Vermont. The debt was within its jurisdiction, and the defendant was adjudged to pay it, and has obeyed the command which it was impossible for it to avoid or resist. The judgment being valid there, the principles above stated require us to recognize its validity here. It is true this proceeding in the Vermont court deprives the plaintiff of an exemption which our laws accord him; but justice having been done according to the law and the policy of a sister State, it will not become us to attempt to disregard it by any pretense of Superior humanity or wisdom. The defendant having lawfully responded to the demand once, is not to respond again.