Andrews, J.
I am of the opinion tbat tbe plaintiff is not entitled to a judgment tbat tbe defendants interplead, for tbe following reasons:
First. An action of interpleader can be maintained in those eases only where there is a serious doubt as to the question involved.
Second. The assignment made by tbe Kitzingers was not a statutory, but a voluntary one; and, upon the authorities, it seems to be clear that, as against the attaching creditors, the assignee (Yandes) has a good title to the money and other securities in the hands of the' plaintiff. Hoyt v. Thompson, 5 N. Y., 353; Kelstadt v. Reilly, 55 How. Pr., 373; Guillander v. Howell, 35 N. Y., 659; Kelly v. Crapo, 45 N. Y., 86; Willetts v. Waite, 25 N. Y., 584.
Under the decisions, the claim made in the answer of the Mutual Life Ins. Co., that the draft in its favor was pro tanto an assignment of the fund, is not well founded. Chapman v. White, 6 N. Y., 412; Duncan v. Berlin, 60 N. Y., 153; Attorney General v. Cont. Ins. Co., 71 N. Y., 331. And in view of the decision in Thurber v. Blanck, 50 N. Y., 80, I do not see how the allegation of said answer that the assignment is fraudulent can be sustained.
Third. The assignee and the attaching creditors do not claim the same debt or duty from the plaintiff.
The cash balance in the plaintiff’s hands is $5,856.03, and it also holds certain notes, and 230 shares of insurance stock of the par value of $50 a share, and, as is claimed, of the actual value of at least $5,750; and the assignee claims these securities as well as all the money.
On November 20,1886, the entire amount of the claims of the attaching creditors, with interest, costs and fees, amounted to only $5,370.41.
It has been repeatedly held that under such circumstances an action of interpleader cannot be maintained. Wait’s Actions and Defenses, vol. 4, p. 153, and cases cited. While I think it may well be doubted whether the doctrine established by the cases is entirely just and fair, I am unable to see why it is not applicable to the present case, although the sheriff, on behalf of the attaching creditors, has brought an action in which he seeks to recover the securities above mentioned as well as the money which the plaintiff holds.
The complaint must be dismissed, with costs to the defendant Yandes. Findings may be settled- on two days’ notice.