McAdam, Ch. J.
It is settled law that transfers of property in invitum by operation of law, will generally have effect only in the State where the law which works the transfer has force (Osgood v. Maguire, 61 N. Y. 524, 529 ; Willitts v. Waite, 25 Id. 577 ; Hibernia Nat. Bank v. Lacombe, 84 Id. 367, 384), but voluntary transfers, valid under the laws of the State where the owner resides, will (subject to qualifications hereafter mentioned) operate to transfer the property wherever situated (Burrill on Assignments, § 302 ; Kelly v. Crapo, 45 N. Y. 86, reversed, but upon other grounds, in 16 Wall. 610 ; Kelstadt v. Reilly, 55 How. Pr. 373). Transfers voluntarily made (such as the one under which the plaintiff claims) are, in respect to property in foreign States, valid and enforceable there on principles of comity, provided the transfers do not impair the *401 remedies which the laws of such foreign States have enacted for tlieiv own citizens, and do not conflict with their own established law and policy (2 Kent's Com. 406, 407; Story Confl. of L. § 344).
The general assignment, under which the plaintiff claims, contains preferences, and is on that account repugnant to the established law and policy of the State of New Jersey, which declare such transfers void (Varnain v. Camp, 13 N. J. L. 326; Brown v. Holcomb, 1 Stockt. R. 297; Fairchild v. Hunt, 1 McCarter, 367 ; R. S. of N. J., act of March 27, 1874). If the property attached had consisted of real estate or movable property situated in New Jersey, it is clear that the title thereto would have been unaffected by the transfer made in New York to the plaintiff (Warner v. Jaffray, 96 N. Y. 248; Eastern Nat. Bank v. Hulshizer, 2 N. Y. State Rep. 93*), and the.attachment pleaded would have presented a valid defense, equal as a means of protection totho defendant as a judgment (Embree v. Hanna, 5 Johns. 101; Holmes v. Remsen, 4 Johns. 460; Warner v. Jaffray, 96 N. Y. 248, 259).
This is upon the just principle that a person who- has been compelled by a foreign jurisdiction to pay a debt once, should not be compelled to pay it over again. The reason for the rule rests on the ground that every State Inis the right to regulate the transfer of property within, i.ts. hunts ;_ and that whoever sends property to it impliedly- submits, bo, the regulations concerning its transfer in force there, although a different rule of transfer prevails in the jurisdiction where he resides. The owner lias no absolute right to have the transfer of property, lawful in the jurisdiction of his domicil, respected in the courts of the State where the property is *402 located, and it is only -on principle of comity .that it is ever allowed (Hervey v. Rhode Island Locomotive Works, 93 U. S. [3 Otto] 664).
The property attached in the present instance, being a mere chose .'in ¡action—-to wit, the debt in suit—incapable of actual situs in Hew Jersey, the place where the debtor resides, the .question arises whether it falls within the -rule which regulates the transfer-of real and movable personal property located in the foreign jurisdiction, or forms .an exception to it regula,ted ,by circumstances. Under the .laws of most—if not all—the States, an attachment may be. issued against a .non-resident debtor, and any debt or credit.found .within the jurisdiction belonging t-o such-defendant rpay be impounded by attachment, and ultimately applied to the pay men t. of any judgment that may be recovered in the action. Although the debt .attached-is .payable to the creditor and is generally .to be rendered to him at his .domicil, yet as this is a legal fiction it yields whenever the actual sitios is to he regarded for the attainment .of justice (Cochran v. Fitch, 1 Sandf. Ch. 142).
In this instance a conflict of title arises between the claim .made by .the ¡resident assignee and .that presented by the .foreign attaching creditors, and the question of situs cannot foe regarded as one of fiction merely, nor can it yield to conwenience or he bent to uphold a particular remedy. It is a rtheorism.established as a principle.of law that becomes the ¡controlling feature-in determining the rights of the respective -parties to this .-record. The debt in snit was contracted an the city of Hew York, was payable-there,-and the creditor ihad -his-domicil in that city, and a tender .of the debt, to be :good, must - be made to the creditor. In other words, the debtor was bound to produce the money and exhibit it t.o the creditor ireorder-to legally tenderer discharge the obligation. This was the defendant’s legal duty, and it.is no defense to the. action to plead that.the Jaws of a foreign .State exfinse-him from its .performance.
The debt in suit is a mere incorporeal right, did not lie *403 within the jurisdiction of the State of New" Jersey, is unaffected by its laws, follows the person of the owner, and was legally transferred to the plaintiff by the general assignment made in New York, the place where the owner resided (Guillander v. Howell, 35 N. Y. 657, 662; Howard Nat. Bank v. King, 10 Abb. N. C. 346).
The attachment subsequently obtained and attempted to be levied upon it in the State of New Jersey created no charge whatever thereon, as the defendant in the attachment suit had parted with all his interest in the claim before the attachment proceedings were commenced.
It follows that the plaintiff is entitled to judgment for $625.19, the amount claimed, with interest and costs.
Note on Situs of Debts.
Debts have no situs apart from the domicile of the owner. The principle of law is well settled that a debt or chose in action is merely a jus incoporeate not a corpus capable of local position; that debts have no situs apart from the domicile of the owner (creditor); that an assignment or transfer thereof if valid When made in the State where the owner thereof (the creditor) is domiciled, is valid and effectual everywhere, and that they are governed by the general rule in relation to transfers of personal property, the reason for the rule being that it is within the creditor’s domicile that the fund is ultimately passed. Whart. on Confl. of L. 2 ed. § 363 ; Story Confl. L. 8 ed. §§ 395, 398, 399; Atwood v. Protection Ins. Co., 14 Conn. 555; Clark v. Conn. Peet Co., 35 Conn. 303 ; cited and approved, 45 Conn. 13; Speed v. Way, 17 Penn. St. 91; Carkie v. Webster, 2 Wall. Jr. 131; Osgood v. Maguire, 61 N. Y. 529; Gray v. D. & H. Co., 5 Abb. N. C. 136; Keyser v. Rice, 47 Md. 203, 212 ; William v. Ingersoll, 89 N. Y. 523; State Tax on Foreign Bonds, 15 Wall. 300 ; Kirtland v. Hotchkiss, 100 U. S. 491; People v. Com’rs of Taxes, 23 N. Y. 224; Bates v. New Orleans, &c., 4 Abb. Pr. 83.
The foregoing cases fully recognize the distinction as to a situs between debts and movables, the latter being capable of having a situs —not the former, as they follow the domicile of the owner. In Atwood v. Protection Ins. Co. (supra) Judge Stokrs, said: “ There is no color for the idea that they [debts] are impliedly located in the State where the debtor resides.” In Carkie v. Webster (supra), Judge Greek said: “A debt is a mere incoporeal right; it has no situs and follows the person of the owner.” In Williams v. Ingersoll (supra), *404 the N. Y. Court of Appeals said: “ A debt always under general jurisprudence has its situs either at the domicile of the creditor of where the written obligation upon which it is due is held, and not at the situs of the debtor.” In the State Tax on Foreign Bonds (supra) the supreme court of the U. S., reversing the supreme court of Pennsylvania, said: “ Corporations may be taxed like natural persons upon their property and business. ■ But debts owing by corporations, like debts owing by individuals, are not property of ■ the debtors in any sense; they are obligations of the debtor, and only possess value in the hands of the creditors. With them they are property, and in their hands they may be taxed. To call debts property of the debtors is simply to misuse terms. All the property there can be in the nature of things, in debts of corporations, belongs to the creditors to whom they are payable, and follows their domicile wherever that may be. Their debts can have no locality separate from the parties to whom they are due. This principle might be stated in many different ways and supported by citations in numerous adjudications, but no number of authorities, and no forms of expression• could add anything to its obvious truth which is recognized upon its simple statement.” And again, “It is unboubtedly true that the actual situs of personal property, which has a visible and tangible existence, and not the domicile of its owner, will in many cases determine the State in which it may be taxed. But other personal property, consisting of bonds, mortgages and debts generally, has no situs independent of the domicile of the owner, and certainly can have none where the instruments as in the present case, constituting the evidences of debt, are not separated from the possession of the owners.” In Kirtland v. Hotchkiss, (supra) Mr. Justice Harlan, said : “ Debts, although a species of tangible property, may, for purposes of of taxation, if not for all others, be situated at the domicile of the creditor.”
Although the rule that personal property is governed in its transfer by the law of the domicile of the owner is subject to the exception that the transfer is not valid in another State in which the property is actually situated, if it conflicts with the law of that State, yet this exception affects only movable property, and does not operate upon credits or other choses in action held by the person who makes the transfer. Howard Nat. Bk. v. King, 10 Abb. New Cas. 346.
The New York cases and the doctrine of the earlier ones to the effect that personal property has no situs, except that of its owner’s domicile are reviewed, and the modern rule declared to be that as to creditors, personal property has locality, and the lex loci rei sites prevails over the law of the domicile with regard to the rule of preferences in the case of insolvent estates, in Dunlap v. Rogers, 47 N. H. 287; and this case *405 is quoted in a note in 24 Am. L. Reg. N. S. 403, 407, in which Howard Nat. Bank v. King (above) on the situs of debts and movables, is collated with other cases and questioned The writer cites the cases of Van Buskirk v. Warren, 39 N. Y. 119 ; Abraham v. Plestoro, 3 Wend. 540; Plestoro v. Abraham, 1 Paige, 236, as part of an almost unbroken line of authorities that where the question of extra-territorial .property arises between a foreign assignee and a foreign creditor, the laws where the assignment was made will determine its validity.
For the modern doctrine, that personalty does not follow the law of the person, but is governed by the law of the place, see 6 South. L. R. N. S. 687.
An insurance policy issued here by a corporation of New York was assigned by the wife to secure a debt of her husband. The assignment was executed in New York, and by his direction sent by mail to the creditor, who resided in Maryland. In an action brought in Now York to determine the validity of the assignment,—Held, that the question was to be determined by its laws. Barry v. Equitable Life Assurance Soc’y of U. S., 59 N. Y. 587 ; aff’g 14 Abb. Pr. N. S. 385, n.
A bank in another State, made a general assignment of its effects to a resident of that State. Among the bank’s effects ivas a deposit in New York, of a part of which a non-resident of both States claimed an equitable assignment,—Held, that the validity of the general assignment should be determined by the laws of the foreign State. Coates v. First Nat. Bk. of Emperia, 47 Super. Ct. (J. & S.) 322, 335.
Dividends upon bank stock are governed by the laws of the place where the bank is situated, not by that of the owner’s domicile; hence, when at the former the common-law rule concerning the relations of husband and wife to his wife’s property prevails, -payment by the bank of dividends upon its stock, owned by a married woman, to or on the order of her husband who with her is domiciled elsewhere, is valid, and protects the bank, no matter what the law of domestic relations is at the latter place. Graham v. First Nat. Bk. of Norfolk, 84 N. Y. 303 ; aff’g 30 Hun, 325.

 It was held in this case that an assignment by a firm for benefit of its creditors with preferences would not be avoided by the fact that it omitted to include individual property of the partners in Now Jersey, where, by the laws of that State, preferential assignments were void, so that the property would not pass to the assignee. Eastern Nat. Bk. v. Hulshizer, 2 N. Y. State Rep. 93.