McAdam, Ch. J.
The contract between the plaintiff and Isaacs was one of conditional sale only; no title passed to *745 the latter, and the purchase from him by the defendants was wrongful, as it conferred upon them no right or title, whatever. See cases collated in Rathbun v. Waters (1 City Ct. Rep., 36), Brown v. Thurber (1 City Ct. Rep., 322). The defense that the contract was not filed according to the statutes of New York, in regard to conditional sales (Laws 1884, chap. 315), is untenable, for the reason? that all the contracting parties resided in New Jersey, the delivery under the contract was made in New Jersey, the goods were to be paid for in New Jersey and were to be kept in New Jersey. Although made in New York, it was essentially a New Jersey contract regulated by its laws. Whoever sends property to another state or purchases property within it, impliedly submits to the regulations concerning its transfer in force there.
The parties by their acts plainly intended that the agreement should be governed by the Laws of New Jersey. Hervey v. R. I. L. Works, 93 U. S., 664; Green v. Buskirk, 7 Wall., 139; Story’s Con. of Laws, § 280. While the goods were there the defendants went to New Jersey, and under the form of a purchase from Isaacs, took possession of the property and wrongfully brought it into this state. As the removal was made without the consent and against the will of the plaintiff,, it gives the defendants no right to invoke the protection of the statute of New York, in regard to the filing of conditional sale agreements. The plaintiff was not bound to anticipate the wrongful act of the defendants, nor was he bound to file the agreement, in New York as a safeguard against it. The situs of the property was in New Jersey, and it was to its laws that the plaintiff was bound to conform for protection, and to which the defendants were bound to look for safety in making their purchase. In addition to what has been said before, the plaintiff’s cause of action accrued in New Jersey. It arose the moment the property was removed by the defendants from No. 121 Monticello avenue, Jersey City, under an unfounded claim of right, and in violation of the express terms of the agreement. Bringing the property into the state of New York, no more brings the question of legality of the conditional sale agreement within the operation of our laws, than a wrongful removal of it to Pennsylvania, would have brought it within the operation of their laws on the same subject. The fact that the defendants acted in good faith and intended no wrong to the plaintiff does not avail them. A wrongful intent is not an essential element in conversion. It is enough that the rightful owner has been deprived of his property by some unauthorized act of another assuming control over *746 it. Boyce v. Brockway, 31 N. Y., 490. The press was in New York when the agreement was made, the contract was made there, but it required all the property, “to be delivered at 121 Monticello Ave., Jersey City, N. J.” There was to be no possession in, or control of the property byIsaacs, until the property was so delivered. The filing of a conditional sale agreement, under the laws of the state, need not precede delivery of the property.
If it accompanies the delivery, it is certainly sufficient to satisfy all the requirements of the statute. When the delivery was made in the present instance, the property was put under the exclusive protection of the laws of New Jersey, which must determine the rights of the parties concerning it. If there had been a statute in New Jersey, similar to our act of 1884, chapter 315, requiring conditional agreements'to be filed, it is clear that the plaintiff, on the facts of this case, would have had no cause of action against the defendants if he had failed to file the agreement there; but there is no such statute in New Jersey. Their statute relates to chattel mortgages, and is similar to our own upon the same subject. The fact that this statute did not apply to the case of conditional sales was the necessity for the act of 1884 {supra) relating thereto, and but for this act no filing in this state would in any case be necessary.
The evident object of our statute requiring conditional sale agreements to be filed is to give constructive notice to the public of the absence of title in the possession of the property whose possession might otherwise be regarded as an indicia of ownership. The notice can serve no practical purpose until the property is placed in the possessor of the vendee, for until then he has nothing upon which to obtain credit or with which he can deceive the public.
Isaacs, as before remarked, received possession of the property for the first time in New Jersey, and by the express terms of the contract he was required to keep it there. It was there when the defendants went through the form of purchasing it from him. The domicile of the parties in New Jersey and the situs of the property there were notice to the defendants to consult the laws and records of New Jersey, with the aid of such muniments of title as Isaacs was able to produce, for the purpose of ascertaining his power of disposition over the property. They neglected this duty, and took their chances, and this action is one of the possible risks they assumed. An examination in New Jersey might perhaps have disclosed nothing tending to enlighten the defendants as to Isaacs’ title, but this may be owing to the fact that there is no statute in that state similar to our act of 1884 {supra), an omission for which the plaintiff is in no way responsible.
*747 In Hervey v. Rhode Island Locomotive Works (93 U. S., 664), it appeared that the defendant made a conditional sale of a locomotive engine to Oonant & Co., upon the understanding that it should be used in the state of Illinois. The contract was made in Rhode Island. The property was subsequently attached in Illinois as the property of Conant & Uo. The policy of the law in Illinois will not permit the owner of personal property to sell it, either absolutely or conditionally, and still continue in possession of it. The courts of Illinois say that to suffer, without notice to the world, the real ownership to be in one person and the ostensible ownership in another, gives a false credit to the latter, and in this way works an injury to third persons. Accordingly, the actual owner of personal property creat - ing an interest in another, to whom it is delivered, if desirous of preserving a lien on it, must comply with the provisions of the chattel mortgage act of that state.
On account of the failure of the defendant to file the conditional sale agreement in Illinois, in accordance with its local laws as construed by the courts of that state, the supreme court of the United States held that the conditional feature of the transaction was void as to the attaching creditors, and that the seizure of the property in Illinois by them was legal, and a judgment rendered in their favor was affirmed. This case judicially determines that where a conditional sale agreement is made in one state, and, by its terms, the property is tobe delivered and used in another, the laws of the latter state, in regard to the filing of the contract, control. This is in keeping with the general rulé that instruments affecting the title to property must be filed or recorded where the property is situated. Nichols v. Mase, 94 N. Y., 160.
The case of Cole v. Berry (13 Vroom., N. J., 308), proves that conditional sale agreements are viewed in New Jersey with more favor than in Illinois, for in New Jersey they are vahd although not recorded.
The court, in the case just cited, in upholding a conditional sale, held that “the title of the vendor must prevail over the rights of a purchaser from the vendee, whose rights cannot rise higher than the source from which they are derived.” The decision proceeds upon the ground “that when a man hath a thing, he may condition with it as he wills ” (Shep. Touch., 118), and concludes by holding that “possession is evidence of title, but is not title, and in this state (New Jersey) possession by a party, not in accordance with the actual state of the title, is not per se fraudulent.”
This construction of the local laws of New Jersey, by the courts of that state, must be accepted as conclusive by the courts of New York. In general, the validity of a contract' *748 is to be determined by the law of the place where it is made, but where it is made in one state and is to be performed in another, the general rule is, in conformity to the presumed intention of the parties, that the contract as to its validity, nature, obligation and interpretation it is to be governed by the law of the place of performance. Story Con. of Laws, § 280; Hyde v. Goodnow, 3 N. Y., 269; Dike v. Erie R. R. Co., 45 id., 113, 116; Curtis v. Leavitt, 15 id., 9, 227; Pomeroy v. Ainsworth, 22 Barb., 118; D'Ivernois v. Leavitt, 23 id., 63; Everett v. Vendryes, 19 N. Y., 436; and see O'Neil v. Nagle, 19 Abb. N. C., 399.
This general rule, however, has its exceptions, one of which is that where a contract, illegal and void, by the law of the place where it is to be performed, is illegal and void everywhere. Hyde v. Goodnow, supra.
The conditional- sale agreement made herein neither offended the laws of New York nor New Jersey. The act of 1884 {supra) does not invalidate it. It merely makes it inoperative as to creditors or purchasers in good faith,unless filed in accordance with its provisions. Compliance with this act would have been necessary in the present instance were it not for the fact that the parties were residents of New Jersey, the contract was to be performed in New Jersey, and was executed, so-far as it went, in that state.
The defendants claim that the rule of comity does not require that the courts of this state shall enforce a foreign law which is contrary to its own declared rule of public policy, and so as to divest the rights of its own citizens fairly acquired. Hoyt v. Thompson, 19 N. Y., 207.
This is a well established rule of law, but has no application to the facts of this case, for the reason that the defendants never acquired any right or title to the property converted under our laws. They went to New Jersey and tortiously removed the property from that state into this, and they can claim no benefit of our laws as a cover for their wrongful act.
The courts of New Jersey o would have redressed the wrong there if the defendants liad been found and prosecuted within that state. They were found within the jurisdiction of the courts of this state, and were on that account prosecuted here, and this state, as matter of comity, furnishes the form in which the proceeding is conducted. In such cases, it is a universal principle, that in regard to the merits and rights involved in actions, the law of the place where they originated is to govern. But the forms of remedies and the order of judicial proceedings are to be according to the law of the place where the action is instituted, without, any, regard to the domicil of the parties, the origin'of. the right, or the country of the act. Story Con. Laws, § 558.
*749 If the defendants had acquired a lawful right or interest in the property under the laws of this state, and these laws were in conflict with those of New Jersey, a different question might have arisen, and the question of comity which the defendants urge might perhaps have been presented in a form in which it might have been successfully maintained. The removal of the property by the defendant from New Jersey, contrary to the express terms of the conditional sale agreement, and the subsequent disposition of it by them, evidence a conversion of the property on their part, .and they are. in consequence liable to the plaintiff for its value, which is assessed at $275. From this amount must be deducted sixty-one dollars, paid on account of the contemplated purchase by Isaacs, which leaves a balance of $214, to which must be added $8.56 interest from the time of the conversion, aggregating $222,65, for which amount judgment is awarded against the defendants, with costs.