ADDISON THOMPSON, as Assignee of the LA BELLE GLASS COMPANY Insolvent, Plaintiff, *v.* GEORGE W. FRY, Defendant.

*Assignment for creditors — a creditor taking advantage of its provisions cannot repudiate it—foreign bankruptcy proceedings—attachment by a domestic creditor.*

A creditor, who has availed himself, in any mode, of an assignment made by his debtor, or of the benefits to be derived therefrom, for example, by delivering proof of his claim to the assignee, bars himself from taking any action to defeat· the purpose of the assignment as a transfer of the property of the assignor.

The doctrine, that the title acquired under a foreign bankrupt or insolvent proceeding shall not prevail over the lien of a creditor, issuing an attachment under the laws of this State and securing a levy thereunder upon property herein, does not apply to the case where there has been a voluntary transfer of the debtor's property to an assignee for the benefit of creditors.

Case agreed upon and submitted under the provisions of sections 1279, etc., of the Code of Civil Procedure.

*Douglass & Minton,* for the plaintiff.

*William H. Sloan* for the defendant.

Brady, J.:

The La Belle Glass Cmopany was a corporation created under the laws of Ohio, having its office and immediate place of business at Bridgeport, Belmont county, in that State. The company sold goods upon credit to various persons and firms doing business in the city of New York, and while these persons were indebted to it the company made a voluntary general assignment of all its property to the plaintiff, in trust, to proceed according to the statutes of Ohio applicable thereto, in the collection and distribution of the *corpus*

of the trust. The defendant was and still is a resident of Pennsylvania, having in this city, however, a place for the transaction of business in person. He received notice of the assignment, and, on or about April eleventh, made an affidavit, with a proof of his claim as a creditor of the company, and delivered it to the assignee. He subsequently, and on or about the 21st of April, 1888, brought an action against the company upon a claim in the City Court of this city, and obtained a warrant of attachment against the property of the company, which was duly issued to the sheriff of this county and by him was duly served upon each of the debtors of the company and a levy made upon the several claims assigned.

It also appears that the defendant obtained judgment against the company, issued an execution against the attached property, and that the judgment remains unsatisfied. The controversy between the parties is as to whether, at the time of the levy of the attachment upon the claims mentioned, they had been effectually transferred to the plaintiff, and were, therefore, not subject to levy under the attachment. Whatever may be the legal status of the other creditors who have not availed themselves in any mode of the assignment or the benefits to be derived therefrom, the defendant by delivering proof of his claim to the assignee has, in law, accepted the instrument and barred himself from disputing the validity of it, or from taking any action for defeating its purpose as a transfer of all the property of the assignor. (*Cavanagh* v. *Morrow*, 67 How. Pr., 241; *Rapalee* v. *Stewart*, 27 N. Y., 311.) And this, perhaps, is a sufficient answer to his asserted claim, but it is not necessary to rest his defeat wholly upon that doctrine. The case of *Kelly* v. *Crapo* (45 N. Y., 86) declares, it is true, the doctrine that a title acquired under a foreign bankrupt or insolvent proceeding shall not prevail over the lien of a creditor attaching under our own laws property found here, but it nevertheless recognizes the rule that a voluntary conveyance, valid under the laws of the State where the owner resides, shall operate to transfer personal property wherever situate. The same principle is enunciated in Story in his Conflict of Laws, section 398 and following sections, a position sustained by many cited cases. (*Kelstadt and others* v. *Bernard Reilly*, 55 How. Pr., 373.) The assignment having

transferred the claims to which reference has been made, the other question presents itself, namely, is the plaintiff's title one acquired under foreign bankrupt or insolvent proceedings, and the answer in the negative is found in the decision in the case of *Mayer* v. *Hellman* (1 Otto, 496), in which the Supreme Court of the United States said of the statutes of the State of Ohio, in reference to instruments similar to that under consideration herein : " There is nothing in the act resembling an insolvent law. It does not discharge the insolvent from arrest or imprisonment ; it leaves his after-acquired property liable to his creditors precisely as though no assignment had been made."

In this case, therefore, as in the case of *Kelstadt* v. *Reilly* (*supra*), as said by Justice VAN BRUNT, in deciding that case : " It follows, therefore, that the assignment, under which the plaintiffs claim, not having been made under an insolvent law of the State of Ohio, transferred all the property belonging to the assignor in this State, and gave to the plaintiffs a title superior to that of any subsequent attaching creditor."

For these reasons the plaintiff is entitled to judgment as agreed upon.

VAN BRUNT, P. J., and MACOMBER, J., concurred:

Judgment for plaintiff.